## RUSSELL *v.* SMITH, for use of Prince.

PRACTICE AT LAW.—*Covenant. Excuse for failure to make pro-fert of Deed.*

1. Where the declaration showed that the plaintiff was not entitled to the possession of the deed, held, sufficient excuse for failure to make profert of it.

2. SAME.—*Plea of payment.* A of plea payment to a declaration in covenant is bad for irrelevancy.

3. SAME.—*Set-off.* So in a plea of set-off, mutual debts can only be set-off against each other; damages for the repair of premises are not a subject of set-off.

4. Right of plaintiff in interest to sue in the name of another person without his consent.

This was an action of covenant brought in the name of Smith, for the use of Prince, against Russel.

The declaration stated that the said covenant was in the possession of a third person, with whom it had been agreed by the parties that it should be left, and who refused to deliver it into the possession of the plaintiff. (1)

Because *profert* to the covenant sued on was not made, the declaration was demurred to, which demurrer was overruled.

The defendant filed five pleas, among which was the plea of *payment*, and two others, which on motion the court ordered to be struck out as frivolous.

To another plea, that of *set-off*, alleging that

(1) But if the plaintiff is entitled to possession of the instrument, as to what will excuse profert, and as to objections for want of profert, see Code 3901 *et seq*; Everly v. Marable, 2 Yerg. 113; Nichol v. White, 4 Hay. 257-9; Lowry v. Medlin, 6 Humph. 450; Union Bank v. Osborne, 6 Humph. 318; Jones v. Simmons, 4 Humph. 314; Powers v. Fitzhugh, 10 Humph. 415; Carter v. Vaulx, 2 Swan 639.

Remedy on lost covenant, Gwathny v. Stump, 2 Tenn. 308; Murock v. Brown, 7 Humph. 61.

the plaintiff was indebted to him and his co-obliger in the covenant in a large sum, and among other special items set out, stating a claim for compensation for repairs made to the rented premises while he resided on the same, the plaintiff demurred, which demurrer ·was sustained.

At the return term of the writ, the defendant obtained a rule on the person, for whose use the suit was brought, to show authority from Smith for using his name in prosecuting the suit; whereupon, proof was shown that the covenant was entered into by the said Russel with Smith, in consideration of the use of certain property belonging to certain wards for whom Smith was guardian, Smith having gone to Texas. This rule was discharged. From the judgment of the circuit court Russel appealed.

W. Swan, for plaintiff in error.

J. M. Welcker, for defendant in error.

Upon the above state of facts, GREEN, J., delivered the opinion of the court; deciding,

1. That the plaintiff, not being *entitled* to the possession of the covenant, the statement in the declaration is sufficient excuse for the failure to make profert of the instrument sued on.

2. The technical plea of payment, being irrelevant to an action of covenant, was properly stricken out. It is not enough that the *facts* of the plea meet the allegations of the declarations; it should also be technically relevant to the action.

3. The demurrer to the plea of *set-off* was well taken, because *mutual debts* can alone be pleaded as set-off; and because part of the matter pleaded is a claim for unliquidated damages for repairs done the premises, which claim is not the subject of *set-off*.

4. The guardian of those for whose use the suit was brought having left the state, his name was rightly used, though it was without his express authority, in order to effect a recovery to which they were equitably entitled. There was no error in discharging the rule.(1)

The judgment of the circuit court was, therefore, *affirmed*.

(1) Shelby v. Hearn, 6 Yerg. 512; Trezevant v. McNeal, 2 Humph. 352.