## GARDNER v. GARDNER.

1. **Landlord and tenant: LIABILITY OF TENANT: TO ONE ADJUDGED TO BE THE OWNER.** A tenant who leases real estate of the apparent legal owner to whom he pays the rent, cannot afterward be made liable therefor to one who, by a proceeding in equity against the lessor to quiet title, but in which the tenant was not made a party, was decreed to be the rightful owner of the premises, although such proceeding was commenced before, though not decided until after the expiration of the tenancy, and the payment of all the rent. The tenant in such case would only be liable for rents accruing after the decree; nor would the case be varied by the fact that he was notified not to pay his lessor.

2. —— **STATUTE CONSTRUED.** The foregoing views are not in conflict with section 3598 of the Revision which provides, that a tenant is not liable beyond the rent in arrear at time of suit brought for the recovery of the land, and that which may afterward accrue during the continuance of his possession. The proceeding to quiet title was not a "suit brought for the recovery of the land," within the meaning of said section.

*Appeal from Decatur District Court.*

FRIDAY, JUNE 19.

DEFENDANT held certain lands, by a verbal lease, under Bridges, and afterward Baker, as guardians of certain minor heirs of Marietta Bradley, deceased. He thus held from year to year, from 1863 to March 1867, when, having paid his rent in full to the then guardian, he quit the premises. The deceased, Marietta Bradley, held by a conveyance from Daniel Bradley. In 1863, and after her death, the land was sold under an execution against said Daniel. Plaintiff purchased and obtained a sheriff's deed July 5, 1864. On the 1st of January, 1865, he commenced a proceeding in equity, alleging that the convey ance from Daniel to Marietta Bradley was fraudulent, etc., and asking to quiet his title, etc. The guardian of

the minor heirs was the sole party defendant to that action. In April, 1867, the prayer of the petition was granted, the plaintiff obtaining the relief prayed for therein. And in August of that year he commenced this action, claiming of defendant the rents of said lands for 1864, 1865 and 1866. Trial and verdict for defendant, and plaintiff appeals.

*J. W. Warner* for the appellant.

*Warner & Evans* for the appellee.

WRIGHT, J. — The whole law of this case, and that which is decisive of it, was contained in the first instruc-

1. LANDLORD AND TENANT: liability of tenant: to one adjudged to be the legal owner.

tion of the court below to the jury, to wit: If, prior to the time plaintiff obtained his sheriff's deed, the land had been conveyed to, or held by, the heirs of Marietta Bradley, who by their guardian had rented the same to defendant and placed him in possession, and if the said defendant had paid the rents in full to said guardian, then he (defendant) would not be liable for rents accruing prior to the decree confirming the title in plaintiff, nor would the fact of notice to defendant not to pay to the guardian affect his liability.

Defendant's duty was to pay his rent to his landlord. Though plaintiff had commenced his action to perfect or quiet his title, he did not make the tenant (this defendant) a party, nor did he take any steps by injunction or otherwise to restrain him from paying over the rent. Defendant was not bound to retain the rent in his hands to await the result of this litigation, and especially as he had no legal or binding notice of its pendency or purpose. Plaintiff's remedy was against the landlord and not against a tenant, who in good faith paid his rents. It does not even appear that plaintiff, in his proceeding to

recover the land, made any claim of right to such rents and profits. The tenant was not in possession after the recognition of plaintiff's rights. He held under a lease or license from the party having the legal title. He did not hold in bad faith, nor with intent to defraud plaintiff.

The instruction under consideration is not in conflict with section 3598 of the Revision, which provides, that 2. —— statute construed. a tenant is not liable beyond the rent in arrear at time of suit brought for the recovery of the land, and that which may afterward accrue during the continuance of his possession. This was not a "suit brought for the recovery of the land," within the meaning of the statute. The section is found in the chapter regulating actions at law for the recovery of real property.

Such an action can be brought against any one " acting as owner, landlord, or tenant of the property claimed." And it would be a most violent construction of the statute to hold a tenant acting in good faith, who was in no way a party to such an action, liable for such rent. It contemplates a case where he is made either the sole defendant, or is sued jointly with the landlord or owner. Neither its language nor spirit would cover a case like that before us where the plaintiff did not rely upon a legal title, but brought his action, in equity, to set aside an alleged fraudulent conveyance, making the landlord or owner the sole party defendant. Whatever his remedy against the landlord, he certainly has none against the tenant.

Affirmed.