SYLVESTER MCINTIRE *vs.* FRANCIS PLAISTED *et als.*

| 68 | 363 |
| 88 | 482 |

York. Decided July 1, 1878.

*Insurance. Mortgage.*

If one has a subsisting right to redeem or re-purchase land conveyed by him as security for a debt, he cannot require the grantee or his assignee to account to him for insurance money received for loss of the buildings upon it, if the insurance was procured by the grantee, or his assignee, with his own money, and for his own benefit, and there is no contract between the parties requiring him to account for the money.

BILL IN EQUITY, to redeem a lot of land in York, in the county of York, known as the McIntire stand, and praying that the defendants compensate the plaintiff for the value of the buildings destroyed by fire, and account for the insurance money obtained thereon.

The bill alleges, in substance, that the defendant Bowden having obtained the deed and the legal title to the premises under a promise which he never fulfilled, to give a written obligation to reconvey to the plaintiff on payment of certain advances, refused to reconvey after a tender, on August 15, 1860, of $978, the

whole amount of indebtedness ; that Bowden & Plaisted, to whom he sold a half interest, joined in a deed to the defendant Grant, who had knowledge of all the circumstances.

Grant in his answer denied knowledge of Bowden's promise to give a writing, but admitted that he was informed of the promise to reconvey on payment of the sum due, but coupled with the further information that the plaintiff had refused to redeem and that Bowden and Plaisted had taken possession for non-payment of principal, interest, or rent.

The evidence tended to show that Bowden took the deed as security, under a promise to sign and give the plaintiff an obligation to reconvey on payment; as in the bill alleged; that while the attorney, Goodwin, was drawing up the writing for him to sign, he left, under pretense to see a person on the street, and never returned to the office or delivered the writing to the plaintiff; that Bowden & Plaisted sold the property to Grant for $1,000, about its value in its then condition; that Grant, after making extensive improvements, procured an insurance of $1,750; that the house, store, shed and fish house were burned, the barn only remaining; that he collected the insurance; that the premises in their present condition are worth about $200.

*R. P. Tapley*, for the plaintiff.

*I. T. Drew*, for the defendants.

WALTON, J.   The plaintiff claims that he has an existing right to redeem or re-purchase a parcel of real estate, the legal title to which is now held by the defendant Grant. Since Grant held the title the buildings have been burned, and he recovered therefor $1,750 insurance money.   The plaintiff claims not only the right to have the land conveyed to him, but he also claims that Grant must account to him for the insurance money.   Can this latter claim be maintained?   For if it cannot, it is useless to inquire whether the plaintiff is or is not entitled to a conveyance of the land, as the amount which he admits he must pay for a conveyance of it is four or five times as much as it is worth, now that the buildings have been destroyed; and it is only in case he has a right to the insurance money as well as the land that he asks for

a decree in his favor. The prayer of his bill is that the defendants may be compelled to convey to him the land, " and account to him for the insurance money."

We think he is not entitled to the insurance money. If it be true, as he asserts, that he parted with his title to the property as security for a debt; that he still has a subsisting right to redeem it; his position would be substantially that of a mortgagor,—certainly it would be no better—and it is well settled that a mortgagor cannot require a mortgagee to account to him for money received for insurance, where there is no contract between them to that effect, and the insurance was procured by the mortgagee for his own benefit, and the premium was paid out of his own money. *Cushing* v. *Thompson*, 34 Maine, 496. *White* v. *Brown*, 2 Cush. 412. *King* v. *Ins. Co.*, 7 Cush. 1.

*Bill dismissed, with costs.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.