No. 1141.

JAMES A. LUSK, FOR USE OF A. DONAN, VS. THOMAS J. POWELL.

When the legal mortgage of a minor on the property of his tutor was originally inscribed after the majority of the former, failure to reinscribe within ten years operates the peremption of the mortgage, which cannot thereafter be enforced against property formerly belonging to the tutor, in the hands of a third possessor.

APPEAL from the Twenty-seventh District Court, Parish of West Carroll. *Williams*, J.

---

*C. T. Dunn* for Plaintiff and Appellant:

1. In selling land at tax sale all the requirements fixed by law must be rigidly complied with on pain of nullity. The necessary proceedings step by step must appear in the tax deed. Louque, p. 715, 5, 716, 16; 19 Ann. 185.

2. Mortgages perempt. They do not prescribe. The doctrine of prescription is stricti juris. The mode of cancelling a perempted mortgage being fixed by law, this mode is exclusive. Prescription against a perempted mortgage can only be urged in the manner pointed out by law. The party must have the recorder to cancel it. R. S. 450.

3. Mortgage is an accessory obligation made to secure the performance of the principal obligation. It takes its vitality from the principal debt and continues to exist as long

as the principal debt is kept alive. 37 Ann. 88, 809; 25 Ann. 644; 23 Ann. 244; 33 Ann. 1453; 30 Ann. 404, 853; 31 Ann. 284.

4. Minor's mortgage against his tutor is specially exempted from reinscription. As long as it preserves its character of a minor's mortgage against the tutor on account of the tutorship, reinscription is not required by law. It is only when settlement is made contradictory between the minor and tutor and the claim is merged in a judgment that reinscription becomes necessary.

The minor's mortgage against his tutor is exempted from reinscription on grounds of public policy. The minor's mortgage is excepted from reinscription for the same reason that other mortgages are exempted under the law. The Poydras Legacy, the Mortgages of Stock Banks, etc. R. S. 2399, 2340, 2341; 5 Ann. 590.

*Newman & Gray* and *H. P. Wells* for Defendant and Appellee:

Where a mortgage once recorded is not reinscribed within the ten years prescribed by law, it perempts and ceases to have effect against third persons. The pendency of a suit to enforce a mortgage does not obviate the necessity of its reinscription. 30 Ann. 11; 25 Ann. 148; 20 Ann. 508; 23 Ann. 587.

When a person reaches the age of majority, the laws of prescription which provide for his protection during his minority cease to govern his actions and rights, and he is subject to the same laws of prescription as other persons. The law dispensing with the registry of the tacit mortgage of minors ceases to protect them the moment they reach their majority. 34 Ann. p. 1042; 35 Ann. p. 945.

The action of the minor against his tutor is prescribed by four years to begin from the day of his majority, and the tacit mortgage given by law against the property of the tutor is extinguished by the same length of time. R. C. C. 362; 20 Ann. p. 510; 4 Ann. 488; 9 Ann. 43.

A mortgage resting on property sold for taxes cannot be enforced. If the formalities of law were observed for the tax sales, the effect of such a sale is to extinguish the mortgage. 28 Ann. 352; 35 Ann. 506; dissenting opinion of Judge Wyly, 29 Ann. 112.

The opinion of the Court was delivered by

FENNER, J. This is an action to enforce a minor's mortgage on property in the hands of a third possessor.

The mortgage was inscribed in 1869, after the plaintiff had attained the age of majority, and was not reinscribed within ten years. By this failure to reinscribe, the mortgage perempted and the effect of the original registry ceased. C. C. 3369.

The exception in favor of minors, married women and interdicted persons, made in the concluding paragraph of the article, has no application to a case like the present, where the disability had ceased when the original registry was made. This has been deliberately and repeatedly decided. Lemle vs. Thompson, 34 Ann. 1041; Smith vs. Thompson, 35 Ann. 943; Watson vs. Boudurant, 30 Ann. 11.

While we listened with interest and attention to the argument of plaintiff's counsel in favor of a reversal of the jurisprudence of this Court on this and other points, we are not convinced of the propriety of doing so, and prefer to hold our course *in antiquas vias.*

Judgment affirmed.