FRIZZELL v. RUNDLE & CO.

(*Nashville.*　January 21, 1890.)

1. AUCTIONEERS. . *Not liable to third person for value of goods sold on commission.*

An auctioneer, who, in due course of his business, receives mortgaged chattels from the mortgageor and sells them for him on commission and pays over their proceeds, without notice, actual or constructive, of the existence or contents of the mortgage, is not liable to the mortgagee as for a conversion of the goods, although the mortgageor acted wholly without authority.

Case cited and approved : Roach. *v.* Turk, 9 Heis., 708.

2. REGISTRATION. *Is not constructive notice, when.*

Registration of mortgage does not, in such case, affect the auctioneer with constructive notice of its existence and contents.

Cases cited and approved : Napier *v.* Elam, 6 Yer., 108 ; Ingram *v.* Morgan, 4 Hum., 66 ; Topp *v.* White, 12 Heis., 165.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County.　W. K. McALISTER, J.

FRIZZELL & ZARECOR for Frizzell.

BRYAN & CARTWRIGHT for Rundle & Co.

LURTON, J.   One Anglin executed to Frizzell, the plaintiff, a mortgage upon his household furniture to secure the latter as the surety of the mortgageor upon certain rent notes.   The property mortgaged was in the residence of the mortgageor, and was to remain in his custody and possession until the maturity of the notes.   It was stipulated that should the mortgageor remove or attempt to remove the property, or attempt to sell same, that then the mortgagee should have the right to take possession, and that, in such event, or in case default was made in payment of the secured debt, that Frizzell should sell said property, publicly or privately, and apply to payment of debt.   The mortgageor obtained consent of the mortgagee to a removal of the property from the residence in which it was to another part of the city, and to another house, upon the statement that he had rented another residence.   In place of such a removal, he fraudulently took the mortgaged articles to the auction-house of defendants and caused them to be there sold at public sale.

Rundle & Co. are regular auctioneers, and had no actual notice of the mortgage upon the property, and they paid over the proceeds of sale to Anglin before notice of Frizzell's rights.   Having sold the property for cash, and at a sale with many other articles of the same sort, and keeping no memorandum of the buyers, they are unable to state who became purchasers of the mortgaged property.   Frizzell has sued them upon these facts in trover, as for a conversion.

　　　　NASHVILLE:

The mortgage made by Anglin was duly registered. This property was sold by defendants in the usual course of their business as auction commission merchants. Unless the registration of the mortgage operates as constructive notice, they must be regarded as innocent agents or factors, who have received the property in the regular course of their business, and sold it as agents for the one who had delivered it to them, and paid over the proceeds to their principal without knowledge of any incumbrance on his title. The case is controlled in this aspect by that of *Roach* v. *Turk,* 9 Heis., 708. Having asserted no lien, claim, or title for themselves against the mortgagee, they cannot be held guilty of conversion.

A different result would perhaps follow if they had been shown to have had knowledge of the true state of Anglin's title. Did the registration of this mortgage operate as constructive notice to defendants? If they assert any title or lien or interest in the mortgaged property, then, beyond doubt, they would be affected by the registration. But they do not and have not asserted any claim to the mortgaged property whatever. The constructive notice consequent upon registration attaches only to persons who subsequently assert any title, charge, or lien, or interest in the property described in the registered instrument, and only in favor of the grantees in such instrument. It is, for instance, well settled that a subsequent purchaser from the grantor will not, as between him-

Frizzell *v.* Rundle & Co.

self and such grantor, be charged with notice of the state of his vendor's title as shown by the registered title. He may, as between himself and his grantor, rely upon the representations of the latter as to his title, and will not be bound by the registered title of which he has not actual notice. *Napier* v. *Elam*, 6 Yer., 108; *Ingram* v. *Morgan*, 4 Hum., 66; *Topp* v. *White*, 12 Heis., 165.

Defendants having neither actual or constructive notice of the mortgage, and having in the whole matter acted only as the innocent agent and factor of the mortgageor, with whom the possession had been left, are not guilty of conversion, and the judgment is affirmed.