DAISY WHITEHOUSE, in equity, *vs.* AMBROSE P. CARGILL.

Waldo.    Opinion February 15, 1896.

*Insurance.    Legal and Equitable Estates.*

Real estate charged with the payment of a legacy under a will was conveyed while this lien for the payment of the legacy was still upon it.   The purchaser procured an insurance in his own name upon the property.   The buildings were afterwards destroyed and the insurance paid to the purchaser.

*Held*; that the purchaser was not accountable for the insurance to the party entitled to the legacy.

The contract of insurance is one of indemnity only, does not run with the land, and does not indemnify any one having only an interest as mortgagor, redemptioner, attaching creditor or otherwise.

The holder of a mere equitable lien, cannot compel the owner of the legal estate to account for the rents and profits received by him while occupying the premises.

See *Whitehouse* v. *Cargill*, 86 Maine, 60.

On REPORT.

Bill in equity, heard on bill, answer, demurrer, and agreed statement of facts.

Agreed Statement of Facts.

. "Ambrose A. Whitehouse, father of the plaintiff, devised to his son, Preston Whitehouse, certain real estate, and directed said Preston Whitehouse to pay the plaintiff five hundred dollars when she became eighteen years of age.

"Ambrose A. Whitehouse died on the tenth day of November, 1871, and his will was duly admitted to probate.

"On the second Tuesday of September, 1873, Ambrose P. Cargill, this defendant, was appointed guardian of the plaintiff and continued to be her legal guardian till February 28th, 1890, when she arrived at the age of twenty-one years.

"On the second day of October, 1876, the defendant bought said real estate of Preston Whitehouse, taking from him a warranty deed of the same, and occupied the real estate, and received the income thereof, from that date till its sale by the master in chancery, as hereinafter stated.

"On the fifteenth day of October, 1891, the defendant procured in his own name an insurance of five hundred dollars on

the store which was a part of said real estate. Said store was burned on the nineteenth day of January, 1892, and the defendant collected said insurance of five hundred dollars.

"On the sixteenth day of August, 1892, the plaintiff brought a bill in equity against this defendant, which was entered at the October term, 1892, of this court, and at the January term of this court, 1893, was reported to the Law Court by agreement. That case, as reported in 86 Maine, 60, is referred to and made a part of this agreed statement.

"At the January term of this court, 1894, a master in chancery was appointed to sell the land. The master sold the land in accordance with the decree of the court for one hundred and sixty dollars, and made his report at the April term, 1894, of this court. The expenses of sale were seventeen dollars, leaving one hundred and forty-three dollars, net, which the master paid to the plaintiff. The defendant paid the costs in said action, as taxed by the clerk, amounting to forty-nine dollars and ninety-three cents.

"No decree has been filed since the master's report, and no further proceedings have been had in said case. Copy of the writ and bill in equity and pleadings in this case are made a part of this agreement."

*J. W. Knowlton,* for plaintiff.
*R. F. Dunton,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER, J. The father of the plaintiff devised certain real estate to his son, and in his will directed that the son pay to the plaintiff five hundred dollars when she should become twenty-one years of age.

The father died November 10, 1871, and his will was duly admitted to probate.

The defendant was appointed guardian of the plaintiff in 1873, and continued to be her legal guardian till she arrived at the age of twenty-one years in 1890.

On October 2d, 1876, the son conveyed by warranty deed the real estate to this defendant.

This real estate, upon a former bill in equity, brought by the plaintiff against the defendant, was charged with the payment of said legacy, ( *Whitehouse* v. *Cargill*, 86 Maine, 60,) and by a decree of the court was sold by the master and the proceeds, amounting to $143, was paid to the plaintiff.

After the termination of defendant's guardianship he procured an insurance of five hundred dollars on the store which was a part of the real estate conveyed to him by his warranty deed from the testator's son. The store was burned and defendant collected the insurance.

The present case raises two questions : (1) Is the defendant accountable to the plaintiff for the insurance which he procured in his own name, and has collected? (2) Is he accountable to the plaintiff for the rents and profits of the real estate prior to the sale by the master?

Both questions we think must be answered in the negative.

When the real estate was sold by the master and the proceeds paid to the plaintiff, her remedy against this defendant was exhausted, unless there might be a remedy upon the guardian's bond.

The nature of the plaintiff's claim upon the real estate was a lien thereon for the payment of her legacy, enforceable in equity. *Merritt* v. *Bucknam*, 77 Maine, 253 ; *Same* v. *Same*, 78 Maine, 504 ; *Taft* v. *Morse*, 4 Met. 523 ; *Thayer* v. *Finnegan*, 134 Mass. 62.

The contract of insurance is one of indemnity only. The defendant had an insurable interest, and could recover only to the extent of his loss. The contract of insurance does not run with the land, and is an agreement to indemnify the assured against any loss which he may sustain, and not any loss incurred by another having an interest as mortgager, redemptioner, attaching creditor or otherwise. *Cushing* v. *Thompson*, 34 Maine, 496 ; *White* v. *Brown*, 2 Cush. 412 ; *Donnell* v. *Donnell*, 86 Maine, 518.

There was no privity of contract in fact or law between the plaintiff and the defendant by which this insurance, placed by the defendant at his own expense and upon his interest, should be held under the lien that existed upon the real estate. *Donnell* v. *Donnell*, supra; *McIntire* v. *Plaisted*, 68 Maine, 363; *Cushing* v. *Thompson*, 34 Maine, 496; *White* v. *Brown*, supra.

The plaintiff had an equitable lien upon the estate, a charge upon it rather than any title to or legal estate in it. *Taft* v. *Morse*, 4 Met. 523; *Merritt* v. *Bucknam*, 78 Maine, 504, 507; *Bailey* v. *Elkins*, 7 Ves. 323; *Gardner* v. *Gardner*, 3 Mason, 178.

The holder of an equitable lien, with no legal estate, cannot call the owner of the legal estate to account for the rents and profits received by him while occupying the premises.

*Bill dismissed.*