## M. F. EMBRY *v.* T. M. GALBREATH *et al.*

### (*Jackson.* April Term, 1903.)

1. **AGENCY. Collector of rents, paying same over to his principal, without notice from payor, is relieved from liability.**
   A rental agent, who collects rents voluntarily paid to him by the actual tenant of his principal, is the mere carrier or instrument through which the rents are paid by the occupant of the property to his acknowledged landlord. The money is paid to the agent to be paid to his principal, and he has no right to withhold it from him, nor to question his right to it. Where the agent pays to his principal money voluntarily paid to him for that purpose, without notice from the payor not to do so, he is relieved from all responsibility for it. (*Post, pp.* 299-300.)

   Cases cited and approved: Roach v. Turk, 9 Heisk., 709; Metcalf v. Denson, 4 Bax., 565.

2. **AGENCY. REGISTRATION. Registration is no constructive notice to rental agent.**
   Registration is only constructive notice to creditors and subsequent purchasers, or parties claiming some interest in, or lien upon, the property, and the rental agent is not affected with constructive notice of the registration of a deed, made by the trustee under a deed of trust depriving his principal of his title to the rented land. (*Post, pp.* 300-301.)

   Case cited and approved: Frizzell v. Rundle, 88 Tenn., 397.

3. **AGENCY. Rental agent, collecting rents is not affected by actual notice from owner, who is not his principal.**
   The rental agent is not affected by actual notice, given him by the purchaser of land, sold under deed of trust, that he had pur-

chased the property and would hold the agent for the rents collected. The money which the agent collects does not belong to such purchaser. It is not paid for him. The rental agent is not his agent. The money is paid to the rental agent to be paid to his principal, and the agent has no right to withhold it from his principal upon the demand of such purchaser. Such purchaser is not prejudiced by the action of the agent. The principal is answerable to such purchaser for the rents which he has received. (*Post, p.* 301.)

Cases cited and approved: Bank v. Bank, 6 Pet., 8; Hancock v. Gomez, 58 Barb., 490; Aubry v. Fish, 36 N. Y., 47.

4. SAME. Rental agent merely receiving and paying over rents to his principal is not a trespasser against another, the owner of the land.

The rental agent, who continues to collect the rents for his principal after another person has purchased the same at a sale made under the principal's deed of trust, where such agent does not take possession of the property, but merely receives the rents which the tenants had contracted to pay the principal, and delivers the same to him, is not a trespasser, and is not liable on this ground. (*Post, pp.* 301-302.)

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

JOHN JOHNSON, for Embry.

THOS. M. SCRUGGS and M. G. EVANS, for Galbreath *et al.*

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Complainant purchased certain property in Memphis, January 12, 1897, at a sale made under a deed of trust executed by W. M. Sledge, the then owner in possession, and had the conveyance made to him by the trustee registered January 19, 1897. W. M. Sledge continued in possession, through his tenants, claiming that the sale was invalid, and on June 13, 1899, filed a bill against complainant, attacking it. Complainant filed an answer and cross bill, and on the hearing June 1, 1900, his title was sustained, possession awarded him, and decree pronounced in his favor against W. M. Sledge for $948.37, the rents accruing since his purchase.

The defendants, who were real estate and rental agents of Memphis, were collecting the rents for W. M. Sledge previous to the purchase of complainant, and continued to collect and pay them over to him until complainant recovered possession as stated. They had no notice of complainant's claim to the property until April 18, 1899, when he notified them of his purchase, and that he would hold them for rents collected. He made no other effort to obtain possession or collect the

rents previous to June 1, 1900.

This bill is now brought to hold the defendants liable for the rents they collected as agents and paid to their principal, W. M. Sledge, from his tenants occupying the property after complainant's purchase January 12, 1897.

We are of the opinion that the complainant is not entitled to this relief. The complainant was not in possession of the property, and asserted no claim thereto previous to April, 1899. The parties occupying it held under W. M. Sledge, and were his tenants. They had no notice of complainant's purchase. The defendants were the agents of W. M. Sledge, and collected the rents, voluntarily paid them by the actual tenants, for their principal. They were mere carriers or instruments through which the rents were paid by the occupants of the property to W. M. Sledge, whom they acknowledged as their landlord. The money was paid to the defendants to be paid to their principal, and they had no right to withhold it from him or question his right to it. When an agent pays to his principal money voluntarily paid to him for that purpose, without notice from the party from whom he receives it not to do so, the payment relieves him from all responsibility for it. *Metcalf* v. *Denson,* 4 Baxt., 565; *Roach* v. *Turk,* 9 Heisk., 709, 24 Am. Rep., 360.

It is said that the defendants had constructive notice from the registration of the complainant's deed January 19, 1897, and actual notice from April 18, 1899, of complainant's title to the property from which they

collected the rents, and that they are therefore liable to him. That is not true. Registration is only notice to creditors and subsequent purchasers, or parties claiming some interest in or lien upon the property. *Frizzell* v. *Rundle,* 88 Tenn., 397, 12 S. W., 918, 17 Am. St. Rep., 908.

Nor does the actual notice which complainant gave defendants, April 18, 1899, aid him. The money which the defendants collected did not belong to him. It was not paid them for him. Defendants were not his agents. The money was paid to defendants to be paid to W. M. Sledge, and they had no right to withhold it from him upon the demand of the complainant. The parties who paid the money alone had the right to stop it in the hands of the defendants for sufficient cause, and the defendants, having paid it to their principal without any notice from them, are discharged from all further liability for it. The complainant is not in any way prejudiced by the action of the defendants. W. M. Sledge is answerable to him for the rents which he received, and he has in fact recovered a judgment against him for them. *Bank* v. *Washington Bank,* 6 Pet., 8, 8 L. Ed., 299; *Hancock* v. *Gomez,* 58 Barb., 490; *Aubry* v. *Fish,* 36 N. Y., 47.

It is further said that the defendants were trespassers in collecting the rents, and therefore are liable along with their principal. If they were trespassers, they would be so liable, but they are not. They did not take possession of the property, but merely received the rents

Embry v. Galbreath.

which the tenants had contracted to pay W. M. Sledge, and delivered them to him.

The decree of the chancellor is reversed, and the bill dismissed, with costs.