## MOSES et al. v. BOSS et al.
### No. 6077.

United States Court of Appeals for the District of Columbia.

Argued March 8, 1934.

Decided Aug. 6, 1934.

Rehearing Denied Oct. 12, 1934.

Chas. H. Merillat, of Washington, D. C., for appellants.

Frederic D. McKenney, John S. Flannery, G. Bowdoin Craighill, and John E. Larson, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

An appeal from a judgment for appellees in an action for money brought against them by appellants.

The plaintiffs, Edna R. Moses and Margaret J. Merillat, executrices of the estate of Frances L. Merillat, deceased, brought suit in the lower court against the defendants, Harry K. Boss, H. Glenn Phelps, and Ben T. Webster, copartners doing business as real estate agents under the name of Boss & Phelps.

For their cause of action the plaintiffs alleged that on May 7, 1929, the plaintiffs filed a bill in equity in the Supreme Court of the District of Columbia against James M. Hause, Miriam W. Hause, and Stafford Owners, Inc., a corporation, as defendants, alleging that the defendants James M. and Miriam W. Hause had fraudulently induced the plaintiffs to exchange certain real estate owned by them in

the city of Washington for divers worthless bonds of the defendants, and "had invested the fruits of the fraud" in apartment 24 in the co-operative apartment house of the defendant Stafford Owners, Inc. In their bill plaintiffs prayed for an accounting against James M. and Miriam W. Hause and a decree that they be required to transfer and convey to plaintiffs apartment 24 "upon just and equitable terms." And that afterward on July 14, 1932, in that cause the court sustained the plaintiffs' bill and entered a judgment and decree against James M. and Miriam W. Hause for $8,500 with interest from October 1, 1928, and decreed a lien as of May 7, 1929, for that amount on apartment 24, and appointed a trustee to take title to the apartment and make sale thereof and apply the proceeds on the judgment aforesaid; that the trustee thereupon sold the property for the sum of $5,650 which sum was duly credited upon the judgment of $8,500 aforesaid; that on or about July 14, 1932, plaintiffs learned for the first time that the defendants, as "real estate agents for hire" for James M. and Miriam W. Hause, having notice of the pendency of the aforesaid bill in equity, rented apartment 24 from June, 1929, to and including July, 1932, to a tenant at and for the rental of $75 per month, which was paid by defendants, less a commission of 5 per cent., to said James M. and Miriam W. Hause, unlawfully and in disregard of the bill and decree in equity aforesaid, leaving a total amount collected in the sum of $2,022.68, for which plaintiffs prayed judgment.

For a second count plaintiffs sued defendants for moneys had and received by defendants for the use and benefit of plaintiffs in the sum of $2,022.68, which defendants had failed and refused to pay plaintiffs although requested so to do.

The defendants demurred to the first count of the declaration upon the ground that it was bad in substance. This demurrer was sustained by the court.

The defendants filed a plea to the second count of the declaration wherein they alleged in substance that in November, 1928, acting as real estate agents without knowledge of any of the facts set out in plaintiffs' bill of equity, they secured one H. C. Reece as a tenant for apartment 24 at a monthly rental of $75 per month payable monthly in advance on the first day of each month; that at that time Miriam W. Hause was the owner of apartment 24; that defendants acting in good faith as rental agents for her collected the rentals of $75 per

month from the tenant Reece and paid them over to her as owner after deducting the usual agents' commission of 5 per cent., from November, 1928, up to and including July, 1932; that on or about July 5, 1932, defendants were for the first time informed by the owner that she was involved in an equity suit which affected said apartment 24, and this was the first notice that defendants had received of the institution of the pendency of the suit set out in the declaration affecting apartment 24; that neither defendants nor the tenant Reece were made parties defendant in the equity cause. Defendants further alleged that said decree of July 14, 1932, did not give plaintiffs any title to apartment 24 as of May 7, 1929, or prior to July 14, 1932, but only a lien thereon which did not entitle plaintiffs to receive the rentals from the apartment prior to the date of entry of the decree.

The plaintiffs demurred to the defendants' plea to the second count of the declaration on the ground that it stated no defense. The court, upon consideration, overruled the demurrer of plaintiffs to the plea. The plaintiffs elected to stand upon the first count of their declaration and their demurrer to the plea of the defendants to the second count of the declaration. Whereupon judgment was entered against plaintiffs and the case was dismissed at their cost, from which judgment they have taken the present appeal.

In our opinion the rulings of the lower court upon both demurrers were correct, and the plaintiffs were not entitled to a recovery against the defendants upon the facts set out in the pleadings.

The doctrine of lis pendens upon which appellants rely had no greater effect in this case than to give constructive notice to the defendants during the pendency of the equity case, of the rights of the plaintiffs as finally determined by the judgment and decree of the court in that case. It was duly established by the court's decree therein that the plaintiffs in the case should have judgment against James M. and Miriam W. Hause in the sum of $8,500 with interest from October 1, 1928, and that this judgment should be a lien as of May 7, 1929, upon apartment 24 in the Stafford apartment house. Accordingly the status of the parties was the same as if on May 7, 1929, the plaintiffs had recovered a judgment at law against Mr. and Mrs. Hause for $8,500 with interest from October 1, 1929, which judgment was to be a lien upon apartment 24 from May 7, 1929. The decree of the court made no reference to the possession.

of the property nor to the rents which had been collected from it in the meantime, and therefore the rights of the plaintiffs were limited to the judgment alone, unless it be held that the mere fact that plaintiffs held a judgment lien upon the property entitled them to receive the rents from it without notice to the interested parties and without any action of the court. There is no foundation for such a conclusion.

Accordingly, during the pendency of the equity case, Miriam W. Hause held the legal title to the apartment, notwithstanding the lien of the judgment upon it, and was in undisturbed possession thereof. She was entitled until dispossessed to occupy the premises herself or to rent the same to a tenant. The filing of the bill in equity and the recovery of the judgment by the plaintiffs did not deprive her of that right. If the plaintiffs intended during the pendency of the equity case to dispossess her or to have the rents impounded while the case was awaiting trial and decision, they should have taken appropriate action in the case to that effect. The bill, however, contained no prayer for the appointment of a receiver to take possession of the property and to collect the rents pending the case.

It is therefore clear that the rule of lis pendens has no place in the consideration of the present case for if it be conceded that the lien of appellant's judgment became effective on May 7, 1929, and remained effective until the sale of the apartment by the trustee, it does not follow that under the circumstances the appellants could recover the rents accruing in the meantime either from the judgment debtors or their tenant. See Freedman's Saving & Trust Co. v. Shepherd, 127 U. S. 494, 8 S. Ct. 1250, 32 L. Ed. 163; Omaha Hotel Co. v. Kountze, 107 U. S. 378, 2 S. Ct. 911, 27 L. Ed. 609; Whitehouse v. Cargill, 88 Me. 479, 34 A. 276.

Moreover, the defendants are not charged with any complicity in the fraud perpetrated by James M. and Miriam W. Hause upon the plaintiffs, nor did they even innocently participate in the "fruits of the fraud." In November, 1928, the defendants in the pursuit of their business as real estate agents were employed in ordinary course by Miriam W. Hause to secure a tenant for apartment 24 and collect the rents therefrom and pay the same to her, less the ordinary agents' commission. This employment began before the plaintiffs filed the bill in equity charging fraud against James M. and Miriam W. Hause. At no time during the pendency of the equity suit did the defendants have actual knowledge of the commencement of that case, nor does it appear that the tenant Reece had such knowledge. Neither of these parties was made a defendant in the equity suit. Under these circumstances the defendants cannot be held personally liable for the money received by them for their principal and paid over to their principal without any notice that it is claimed to have been wrongfully obtained.

"Where one in good faith receives money as the agent of another with the intent to pass it to the credit of the principal, and does so before notice is given, in general, no action will lie against the agent for money had and received. Houston v. Frazier, 8 Ala. 81." Dixie Fertilizer Co. v. Teasley, 14 Ala. App. 283, 69 So. 988, 989.

See Embry v. Galbreath, 110 Tenn. 297, 75 S. W. 1016; Owen v. Cronk, 1 Q. B. 265; Gardner v. Gardner, 25 Iowa, 102; 2 C. J. 822 (citations).

Accordingly, the judgment of the lower court is affirmed with costs.