THE FIRST NATIONAL BANK OF PIPESTONE, Appellant, v. SIMAN, et al, Respondents.

(275 N. W. 347)

(File No. 8046. Opinion filed October 5, 1937)

*Krause & Krause* and *Ervin P. Van Buren,* all of Dell Rapids, for Appellant.

*Caldwell & Burns,* of Sioux Falls, and *Myers & Snerly,* of Chicago, Ill., for Respondents.

RUDOLPH, P. J.   On December 22, 1934, one Harry Harms borrowed from the plaintiff bank $2,595.30, and to secure the payment thereof executed and delivered to the plaintiff a chattel mortgage covering certain sheep located in Moody county, S. D.  This mortgage was duly filed with the register of deeds of Moody

county. The mortgage provided that, if default be made in any of its terms, or if any attempt be made to remove, dispose of, or injure said property by the mortgagor or by any other person, then the mortgagee would be entitled to take immediate possession of the property covered by the mortgage for the purpose of realizing on its security. On February 7, 1935, while the mortgage was still in force and without the knowledge or consent of the plaintiff, the said Harms transported the sheep from Moody county to Sioux City, Iowa, and there delivered them to the defendants who were commission merchants operating in the Sioux City stockyards. The defendants sold the sheep and realized therefrom the sum of $1,-870.76, out of which sum the defendants paid $44.25 as yardage and insurance, $32 commission to themselves, and $73.08 to the truckers for transporting the sheep from Moody county to Sioux City. The balance was paid over to Harms. The defendants had no actual knowledge of the indebtedness owing by Harms to the plaintiff, or of the chattel mortgage covering the said sheep, until some time after the entire transaction was completed, and, at the time of the sale and at the time of delivering of the proceeds of the sale to Harms, the defendants believed that Harms had a lawful right to sell the sheep. The plaintiff did not learn of the sale of the sheep until about June 1, 1935, and thereafter made demand upon the defendants for the sheep or the proceeds derived from the sale thereof. The plaintiff in this action seeks to hold the defendants liable for the wrongful conversion of the said sheep. The trial court, after finding the facts, as above set out, held that the defendants were not liable to the plaintiff, and this is an appeal from the judgment dismissing plaintiff's complaint.

In this state a breach of the conditions of the mortgage, coupled with and which gives the right to possession to the mortgagee, gives the mortgagee such a qualified ownership as will enable him to maintain an action for conversion. Northern Finance Corporation v. Midwest Commercial Credit Co., 59 S. D. 282, 239 N. W. 242; Hanover National Bank v. Farmers' & Merchants' State Bank, 55 S. D. 598, 227 N. W. 67; First National Bank v. Baldridge, 37 S. D. 606, 159 N. W. 130; La Rue v. St. Anthony & Dakota Elevator Co., 17 S. D. 91, 95 N. W. 292; Smith v. Donahoe, 13 S. D. 334, 83 N. W. 264; La Crosse Boot & Shoe

Mfg. Co. v. Mons Anderson Co., 13 S. D. 301, 83 N. W. 331. See, also, Forbush v. San Diego Fruit Co., 46 Idaho 231, 266 P. 659, and cases therein cited; 26 R. C. L. 1136, and cases cited. So in this case, where the mortgagee is given right to take possession upon the removal or sale of the property, its removal or sale vests in the mortgagee the right to maintain an action for a conversion of the property.

The question for our consideration, therefore, is whether or not the defendants acted in such a manner as to make them liable in conversion to this plaintiff. It is first contended by respondent that the filing of the chattel mortgage in Moody county imparted no notice thereof to these defendants. Our statute section 1584, Rev. Code 1919, provides as follows: "The filing of a mortgage of personal property, in conformity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the preceding section situated in the county or counties wherein such mortgage or authenticated copy thereof is filed."

Respondent contends that these defendants, being merely factors, or commission merchants, are neither "subsequent purchasers or incumbrancers" within the meaning of the above section of our Code. With this contention of respondent we are inclined to agree. However, we are of the opinion that the question of notice or knowledge of the mortgage by these defendants is not decisive of their liability in this case. If the defendants were not purchasers of these sheep, and we agree with respondent that they were not, they were the agents of Harms in selling and disposing of the sheep to the packing company. By the great weight of authority an agent who assists his principal in converting property of a third person to the use of the principal or master is personally liable to the true owner for the loss thereby inflicted. See many cases cited in annotation in 20 A. L. R., commencing on page 120. Under our decisions it is no longer subject of dispute that as between Harms, the mortgagor, and this plaintiff, the mortgagee, Harms wrongfully converted these sheep, and rendered himself liable to the plaintiff in an action for the wrongful conversion. That the defendants assisted Harms in the conversion of these sheep is without question. The defendants not only assisted in the sale, but ac-

tually conducted the sale, and thereafter disbursed the proceeds derived from such sale. Clearly, these defendants played an active and very important part in the conversion of these sheep. The only defense is that the defendants acted innocently and without knowledge or notice of plaintiff's mortgage. However, we are convinced that innocence or lack of notice or knowledge is no real defense. The applicable rule is well stated in the Restatement of the Law of Agency, § 349, as follows: "An agent who does acts which would otherwise constitute conversion of a chattel is not relieved from liability by the fact that he acts on account of his principal and reasonably, although mistakenly, believes that the principal is entitled to possession of the chattels."

Under the terms of the mortgage, the right to the possession of these sheep vested in the plaintiff upon demand when Harms took them from Moody county and delivered them to the defendants at Sioux City, and Harms never had a possession which would entitle him to sell or dispose of the property without the consent of the mortgagee. The acts of Harms clearly amounted to a conversion of the sheep, and, under the rule above set out, it is no defense for this agent to say that he was acting for his principal. In Mechem on Agency (2d Ed.) § 1456, the rule is stated as follows: "The fact that the agent acted in good faith, supposing the principal had a legal right to have done what was done, is no defense."

The decided cases very generally support this view. Greer v. Newland, 70 Kan. 310, 77 P. 98, 70 L. R. A. 554, 109 Am. St. Rep. 424; Id., 70 Kan. 315, 78 P. 835, 70 L. R. A. 554, 109 Am. St. Rep. 424; Forbush v. San Diego Fruit & Produce Co., 46 Idaho 231, 266 P. 659; Swim v. Wilson, 90 Cal. 126, 27 P. 33, 13 L. R. A. 605, 25 Am. St. Rep. 110; Wing v. Milliken, 91 Me. 387, 40 A. 138, 64 Am. St. Rep. 238; Robinson v. Bird, 158 Mass. 357, 33 N. E. 391, 35 Am. St. Rep. 495; Kearney v. Clutton, 101 Mich. 106, 59 N. W. 419, 45 Am. St. Rep. 394; Spraights v. Hawley, 39 N. Y. 441, 100 Am. Dec. 452; and cases cited in 20 A. L. R. 120, 121. Respondent relies to a great extent upon the case of Frizzell v. Rundle & Co., 88 Tenn. 396, 12 S. W. 918, 17 Am. St. Rep. 908. However, this case is contrary to the great weight of authority and, as disclosed in Mechem on Agency (2d Ed.) in the

note to section 1457, this Tennessee case and a Minnesota case, Leuthold v. Fairchild, 35 Minn. 99, 27 N. W. 503, 28 N. W. 218, virtually stand alone in the view taken therein. We are satisfied that the weight of authority and of reason is supported by the majority holding.

Respondent further places considerable emphasis upon the case of Catlett v. Stokes, 21 S. D. 108, 110 N. W. 84, 85, but this case simply holds "a purchaser of mortgaged property cannot be held liable for a conversion of it without a definite demand by the mortgagee, or a definite refusal to surrender." The case is not applicable to our present situation. The defendant here was not a purchaser of mortgaged property, but was acting as the agent of the mortgagor in selling and disposing of the property.

The case of Drovers' Cattle Loan & Investment Co. v. Rice, 10 F. (2d) 510, an opinion by Judge Scott in the United States District Court for the northern district of Iowa, fully supports respondent's contention herein. However, Judge Scott was apparently of the view that the question of notice was the decisive question in the case. With this opinion we must respectfully disagree. Under the view we have taken herein the defendant was a wrongdoer. This brings his acts within the meaning of the third subdivision of section 1278, Rev. Code 1919, which provides that an agent is responsible to third persons "When his acts are wrongful in their nature."

The judgment appealed from is reversed.

All the Judges concur.