# East Central Fruit Growers Production Credit Association, Appellant, *v.* Zuritsky.

Argued January 6, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Glenn A. Troutman,* with him *William D. Harkins* and *Clarence A. Patterson,* for appellant.

*LeRoy Comanor,* for appellee.

OPINION BY MR. JUSTICE LINN, January 29, 1943:

The plaintiff appeals from a decree dismissing its bill for an accounting. It is a corporation organized under the Federal Farm Credit Act of 1933, engaged in lending money to farmers on chattel mortgage security. Defendant is engaged in the wholesale fruit and produce business in Philadelphia under license from the federal Department of Agriculture. Beginning May 10, 1939,

and on various dates until September 26, 1939, the plaintiff loaned money to Rose Valley Fruit Farms, Incorporated, a Pennsylvania corporation, owning and operating a fruit farm at Trout Run, Lycoming County, Pa. As security, the borrower delivered to the plaintiff a chattel mortgage of ". . . all crops, annual or perennial, including fruit crops, growing or to be grown, either already planted or to be planted, and/or maturing within one year from date on . . ." certain described land and also certain livestock and equipment. The mortgage was recorded in the proper office in Lycoming County May 22, 1939. On various dates between September 11, 1939, and November 30, 1939, the borrower paid the loan of May 10, 1939. All the loans matured November 15, 1939. The borrower defaulted on all except the first, whereupon judgment against it was entered in Lycoming County March 29, 1940, and damages assessed at $11,229.71. After the mortgage was given, the mortgagor made various shipments to defendant of apples grown on the farm, to be sold by him as commission broker; defendant, after selling them, deducted the usual commissions payable in such circumstances and remitted the proceeds to Rose Valley Farms.

The theory of the bill seems to be that defendant, having constructive notice by the record of the mortgage, was guilty of conversion; that as he was possessed of complete information concerning the proceeds received for the apples and as plaintiff was not advised thereof, plaintiff was entitled to an accounting and payment. Defendant answered that he disposed of the apples as a commission broker and accounted to Rose Valley Fruit Farms, Incorporated, for the net proceeds. After trial on the merits, the learned chancellor found that as early as June 12, 1939, the plaintiff knew of defendant's transactions with Rose Valley and ". . . tacitly agreed and consented thereto . . ." and not only made no objection but, as the crop was perishable, desired the apples sold. Plaintiff made no demand on de-

fendant until February 3, 1940. Thereafter, defendant, pursuant to the demand, accounted to the plaintiff for the balance subsequently accruing. Other findings were: "The plaintiff at all times knew, acquiesced in and consented to the sale of said apples by Rose Valley through the defendant." "The defendant throughout acted as commission broker for Rose Valley in entire good faith, and has fully accounted to it for all moneys received by him from the sale of said apples, except such as were received after being notified of plaintiff's claim thereto, and after the mortgagor had disappeared without repaying plaintiff's loan, which latter receipts were remitted by the defendant directly to the plaintiff." Defendant had no actual knowledge of the existence of plaintiff's chattel mortgage.

The Act providing for such mortgages was approved March 2, 1933, P. L. 6, and amended April 18, 1935, P. L. 38, and July 24, 1941, P. L. 439, 21 PS Supp. 931-35.[1] The first question is whether, in such circumstances, defendant broker is within its terms. Section 1 provides "Such mortgage shall be a lien against the chattels and crops thereby conveyed, and shall be good and available in law against any subsequent purchasers or execution creditors upon the recording thereof . . ." The learned chancellor was of opinion that by specifying subsequent purchasers and execution creditors the legislature intended to exclude all others; that, accordingly, the commission broker was not within its terms, and supported his conclusion by reference to cases of other jurisdictions construing similar statutes to the same general effect.[2]

---

[1] See *Karns v. East Central Fruit Growers Production Credit Ass'n*, 20 D. & C. 83; *Young v. Kipe*, 38 D. & C. 434.

[2] *Frizzell v. Rundle*, 88 Tenn. 396, 12 S. W. 918; *Green v. Crye*, 158 Tenn. 109, 11 S. W. 2d 869, 870; *First National Bank v. Siman*, 65 S. D. 514, 275 N. W. 347, 348; *Drovers' Cattle Co. v. Rice*, 10 F. 2d 510 (D. C. Iowa 1926) ; *Greer v. Newland*, 70 Kan. 310, 77 Pac. 98, 78 Pac. 835; 70 L. R. A. 554; 50 L. R. A. (N. S.) 57; cf. *Forbush v. San Diego Fruit & Produce Co.*, 46 Idaho, 231, 266 Pac. 659, 663, 664; 10 Am. Jur. 790.

To the conclusion that a commission broker is neither a purchaser nor an execution creditor as those words are used in the statute, the appellant replies by referring to cases [3] stating that a broker, making a sale on behalf of and accounting to the chattel mortgagor, acts as the mortgagor's agent, and thereby becomes liable to the mortgagee. The difficulty with that argument, as applied to this record, is that the facts found take the case out of the application of the principle relied on. As has appeared, plaintiff waived its rights and assented to the course of business pursued. As early as June 12, 1939, the plaintiff was advised of sales. The bill avers that five loans were made after June 12, 1939,[4] the date of plaintiff's knowledge. The testimony supports the finding of waiver.[5]

There is a suggestion in appellant's argument that in any view it is entitled to an accounting even though nothing should be found owing; that the bill is a "first

---

[3] *First National Bank v. Siman*, 65 S. D. 514, 275 N. W. 347; *Crosby v. Fresno Fruit Growers' Co.*, 30 Cal. App. 308, 158 Pac. 1070; *Moderie v. Schmidt*, 6 Wash. (2d) 592, 108 P. (2d) 331; *Hoven v. McCarthy Bros. Co.*, 163 Minn. 339, 204 N. W. 29; *Ellestad v. Northwestern Elevator Co.*, 6 N. D. 88, 69 N. W. 44; *Four County Agricultural Credit Corp. v. Satterfield*, 218 N. C. 298, 10 S. E. (2d) 914; *White v. Boyd*, 124 N. C. 177, 32 S. E. 495; *Brown v. Campbell*, 44 Kan. 237, 24 Pac. 492; *Wenatchee Production Credit Ass'n v. Pacific Fruit & Produce Co.*, 199 Wash. 651, 92 P. (2d) 883; *German-American State Bank v. Seattle Grain Co.*, 89 Wash. 376, 154 Pac. 443; *Forbush v. San Diego Fruit & Produce Co.*, 46 Idaho 231, 266 Pac. 659.

[4] June 15th, $1,600; June 26th, $1,000; July 27th, $1,200; September 7th, $1,500; September 26th, $2,500.

[5] On this subject the learned chancellor cited: *Great Northern State Bank v. Ryan*, 292 Fed. 10 (C. C. A. 8th, 1923); *Farmers' National Bank v. Missouri Livestock Commission Co.*, 53 F. 2d 991 (C. C. A. 8th, 1931); *First National Bank & Trust Co. v. Stock Yards Loan Co.*, 65 F. 2d 226, 229 (C. C. A. 8th, 1933), cert. denied 290 U. S. 648; *In re Zero Refrigerator Lines*, 27 Fed. Supp. 662 (D. C. Mo. 1939); *Producers Livestock Marketing Ass'n v. John Morrell & Co.*, 220 Iowa 948, 263 N. W. 242; 2 Jones, *Chattel Mortgages and Conditional Sales*, section 465; 10 Am. Jur. p. 842; 14 C. J. S. p. 874;

step in impressing a lien upon the proceeds." No facts have been shown to justify such a decree. By the waiver he lost the lien on the apples as well as the claim on the proceeds paid to the mortgagor. Plaintiff alleges no error in the accounting for the net proceeds paid to it after receiving its notice of February 3, 1940.

Decree affirmed at appellant's costs.

(1935) 97 A. L. R. 646, 650, 651. And this is so even when the mortgagor has failed to account to the mortgagee for the proceeds of the sale: *First National Bank & Trust Co. v. Stock Yards Loan Co.*, supra; *Moffett Bros. v. Kent*, 5 S. W. 2d 395; *Harding & Son v. San Saba National Bank*, 13 S. W. 2d 121; 10 Am. Jur. 849, 850; (1935) 97 A. L. R. 646, 660, to which the lien does not attach: *Great Northern State Bank v. Ryan*, supra; *Valley Bank v. Hillside Packing Co.*, 91 Cal. App. 738, 267 Pac. 746; *Jackson v. Coons*, 285 Ky. 154, 147 S. W. 2d 45; 14 C. J. S. 890.