## City of Johnstown Annexation (No. 3)

Before McKenrick, P. J., Griffith and McDonald, JJ.

*Barnhart & Nelson*, for appellants.

*Norman A. Krumenacker*, City Solicitor, for City of Johnstown.

*Marlin B. Stephens*, for Johnstown City School Board.

*Robert E. Shahade*, for Upper Yoder Township Civic Association.

GRIFFITH, J., August 21, 1958.—Within the time prescribed by the Cambria County Rules of Court after the entry of a final decree in this proceeding sustaining the appeal from the ordinance of the City of Johnstown providing for the annexation of Upper Yoder Township, appellants filed a bill for witness fees in the office of the clerk of the court of quarter sessions in the sum of $1,663. The procedure provided for by the Rules of Court was complied with and no exceptions were filed within the prescribed time, as a result of which the amount of appellants' witness bill became fixed. Appellants now ask the court to direct the city to pay the amount of the bill. A hearing was fixed for

August 18, 1958, at which time it was agreed in open court that appellants would not be required to file a written petition for a rule to show cause and that a written answer would not be required of the other parties, but that the matter could be proceeded with as though a rule to show cause had been presented to the court, an order signed, the rule issued, service had and an answer filed.

We must start with the proposition that no costs were allowed in any proceeding at common law. The right to costs is therefore dependent upon the statutory provisions and such statutes are strictly construed: Lewis v. England, 4 Binn. 5; Morganroth's Election Contest Case, 346 Pa. 337.

The only statutory authority permitting costs to be imposed in proceedings for annexation to a third class city is contained in section 513 of The Third Class City Code of June 23, 1931, P. L. 932, as last amended by the Act of June 23, 1951, P. L. 662, section 5, 53 PS §35518. As we see it, section 513 relates solely to the compensation of viewers. It reads as follows:

"The viewers herein provided for shall be allowed five dollars per day for each and every day actually spent by them in the performance of their duties, together with their actual necessary expenses. The costs of the proceedings in all cases shall be paid by the city."

Article V of The Third Class City Code of 1931, as amended by the Act of 1951, contains seven subdivisions lettered (a) to (g). Subdivision (a) contains sections 501 to 505. These sections relate to proceedings for the annexation of boroughs or townships or parts of townships to a third class city. It was under this subdivision that the present proceedings were instituted.

Subdivision (*b*) relates to the annexation of outlying lots in a township containing not more than 100 acres of land contiguous to the city. This subdivision comprises sections 515 to 518. It contemplates proceedings entirely different from the proceedings outlined in subdivision (*a*). It is under subdivision (*b*) that section 518 falls. As was seen above, the costs of the proceedings in such cases are to be paid by the city. Whether such costs would include witness fees or relate only to the compensation and expenses of viewers we need not here determine.

Subdivision (*c*) relates to the annexation of parts of a borough and contains sections 525 and 526.

Subdivision (*d*) relates to the indebtedness of a borough or township when annexed. This subdivision includes sections 535 and 536.

Subdivision (*e*) relates to the apportionment of indebtedness when parts of a township or outlying lots are annexed. It includes sections 540 to 545.

Subdivision (*f*) relates to the apportionment of indebtedness when a part of a borough is annexed. It includes sections 550 and 551.

Subdivision (*g*) relates to the distribution of the annexed territory among new or old wards in the city. It includes section 560.

Appellants call our attention to the case of Susquehanna Township Appeal, 17 Pa. C. C. 640. In this case, the court directed that the "taxable costs" be paid by the City of Harrisburg, which had successfully annexed a portion of Susquehanna Township. The court said that since the city is the gainer after a successful annexation, the legislature may have determined to impose the costs upon it for this reason. The Third Class City Code in effect at the time of this decision was the Act of May 23, 1889, P. L. 277. The statutory authority for the imposition of costs upon which the court there relied was section 4 of article III of said

act. Article III of the Act of 1889, which was the article relating to annexation, contained but five sections and this article was in no way subdivided as is the present Third Class City Code. Section 4 likewise ostensibly related to viewers.

Section 4 of the Act of 1889 provided that the costs in all cases should be paid by the city. Whether such costs included the payment of witness fees we need not here decide: Lebanon and Dyberry Road, 8 Pa. C. C. 461.

Neither do we need to determine whether the decision in Susquehanna Township Appeal, supra, was the proper one under the Act of 1889. We are satisfied that under the present Third Class City Code appellants' witness fees are not payable by the city as there is no statutory authority for the imposition of such costs and the common law rule must therefore prevail. The provision contained in section 518 imposing costs upon the city relates, in our opinion, only to proceedings for the annexation of outlying lots in a township which is the subject of subdivision (b) of the code. As we have seen, this subdivision comprises sections 515 to 518 only. The imposition of costs in proceedings for the annexation of outlying lots where viewers are appointed clearly does not apply to the proceedings set forth under subdivision (e), comprising sections 540 to 545, for the apportionment of indebtedness. Under this subdivision we find section 543, which provides for the compensation of commissioners to adjust indebtedness and directs that "all costs and expenses of such proceedings shall be apportioned by the court to and between the said city and the said township as it shall deem proper." Nor do we believe section 518 applies to any of the subdivisions of article V other than subdivision (b) in which it is contained.

At the hearing, the city solicitor, while disclaiming the city's liability and conceding that the Township

Civic Association was not liable, contended that if the city were held liable, the school district was equally liable as an intervenor under Pa. R. C. P. 2330(*a*). In view of our finding, this question need not be discussed.

Finding no satisfactory authority for the imposition of appellants' witness fees on the City of Johnstown, the rule must, therefore, be discharged.

We therefore enter the following

### Decree

And now August 21, 1958, appellants' rule to show cause why their witness fees should not be paid by the City of Johnstown is hereby discharged.