CASE 7—PETITION ORDINARY—JUNE 21.

# Hill, &c., v. Mundy, &c.

### APPEAL FROM OWEN CIRCUIT COURT.

FIXTURES.—In determining whether or not a thing is a fixture several tests are to be regarded, each more or less, according to the circumstances of the particular case. These are the real or constructive annexation of the article to the freehold, the relation the parties in interest bear to each other, the character of the article, the use which may be made of it as to the realty with which it is connected, and the intention of the owner as to its use, the test last named being of controlling importance in determining the question; and as between the vendor and vendee the law leans to the latter.

Hotel property was sold in April. There was an ice-house upon the premises, which, at the time, was nearly full of ice. Nothing was said between the parties as to the ice. *Held*—That, considering the fact that the property was purchased for hotel purposes, and that the season for gathering ice had passed, the ice on the premises must be regarded as connected, by the intention of the parties, with the particular business to be carried on upon the premises, and as passing by the conveyance of the freehold.

MONTGOMERY, LINDSAY & BOTTS FOR APPELLANTS.

Ice having been placed in an ice-house, built above ground, was, by its very nature, essentially a chattel, being incapable of annexation; and, by no reasonable intendment, a permanent accession to the freehold, and not a fixture, but an emblement, and, therefore, the property of the appellant.

To constitute a thing a fixture, so as to pass with the realty, there must be actual or constructive annexation, adaptation to the use to which the realty is applied, and intention on the part of the person making the annexation that it shall be permanent. (Bouvier's Law Dictionary; Amos & Ferard's Law of Fixtures, 2; Ewell's Law of Fixtures, 293, 10; Washburn on Real Property, 17; Blackstone, vol. 2, p. 281; Kent's Commentaries, vol. 2, p. 409; Elwes v. Maw, Smith's Leading Cases, 238; Hill on Fixtures, 13; Broom's Legal Maxims, 404; Clemens v. Wood, L. R., 3 Exch., 257, 260; Trappes v. Harter, 3 Tyr., 603; Cook, &c., v. Champlain Transp. Co., 1 Denio, 102; Sweetzer v. Jones, 35 Vermont, 322; Johnson v. Wiseman, 4 Met., 359; Clore v. Lambert, 78 Ky.; Thomas v. Crout, 5 Bush, 39; Gray v. Oyler, 2 Bush, 256; Blackstone, vol. 4, page 223;

Williams on Executors, vol. 1, p. 450; Blackstone, vol. 2, p. 123; Washburn on Real Property, 118, 19, 20 and 21; Ewell on Fixtures, 246 to 270, inclusive; Blackstone, vol. 2, p. 403.)

EVAN E. SETTLE FOR APPELLEES.

While the law of fixtures is construed most favorably for a tenant, it is construed most strongly against a vendor; and, considering the use of the property sold in this case, the season of the year, and. the fact that there was no reservation of the ice, it is clear that it passed with the land. (Kent's Commentaries, vol. 2, p. 409; Trappes v. Harter, 3 Tyr., 603; Cook v. Champlain Transp. Co., 1 Denio, 102; Parsons on Contracts, vol. 1, p. 431; Johnson v. Wiseman, 4 Met., 358; Fairis v. Walker, 1 Bail., 540.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

About April 1, 1887, the appellant, Thomas C. Hill, sold and conveyed to the appellee, Lizzie G. Mundy, the "Exchange Hotel," in the town of Owenton. There was an ice-house upon the premises, which, at the time, was nearly full of ice. Nothing was said between the parties during the negotiation of the trade, nor in the deed, nor when possession was given to the vendee, as to the ice. There was no reservation by the vendor of any right to enter upon the premises and use or remove it. Soon after the purchase the appellee locked the ice-house, and the appellant, being refused the right to enter and use the ice, brought this action, in form replevin, for it.

It is contended upon the side of the vendor that it was merely a chattel, or a sort of emblement, and did not pass by the conveyance. This is denied by the vendee, who asserts that it was a fixture.

Much research and learning have been expended in endeavoring to establish fixed rules by which to determine whether or not a thing is a fixture. The ancient

law made it depend alone upon whether it was in fact
so annexed to the realty that it could not be removed
without injury to the freehold.   This rule has been en-
larged with the increase of varying business interests,
and the present current of authority is opposed to any
arbitrary or unyielding rule upon the subject.   Several
tests are to be regarded, each more or less, according to
the circumstances of the particular case.   These are the
real or constructive annexation of the article to the free-
hold ; the relation the parties in interest bear to each
other, as landlord and tenant, vendor and vendee, &c.;
the character of the article ; the use which may be made
of it as to the realty with which it is connected, and the
intention of the owner as to its use.   The latter is of
controlling importance in determining the question.

Kent says :  "The character of the property, whether
personal or real, in respect to fixtures, is governed very
much by the intention of the owner and the purposes to
which the erection was to be applied."   (2 Kent, side
page, 343.)

As between vendor and vendee, the law leans to the
latter (1 Parsons on Contracts, p. 431), and he may be
entitled to an article as a fixture, although it is not per-
manently annexed to the realty.   We do not, of course,
mean that annexation to the freehold is not to be re-
garded when it exists, but it is only one of several tests
to be applied, according to the existing circumstances.

If it be evident that the article would not have been
placed upon the freehold except with the expectation
and intention that it should be enjoyed in connection
with the right to the enjoyment of the realty, then it
may be regarded as constructively annexed to it, and

the fact is to be regarded in determining the character of the article, whether chattel or fixture. If it have a special adaptation to the use to which the freehold is being applied, and its removal would seriously impair its value, then such an intention may fairly be inferred as to constructively connect it with the freehold, and the business for which it is being used.

Turning from this general notice of the law of fixtures to the case in hand, we find that the property sold was a hotel, for the use of which ice is almost, if not quite, indispensable. The sale was made when summer was at hand, and when a removal of the ice would have resulted in great waste, if not its total loss. The vendor of the property made no reservation of it, or of any right to enter upon the property to use and enjoy it, or to attend to its preservation, if necessary.

Under these circumstances, it is not only reasonable to conclude that it was stored there, to be enjoyed and used by those who might have the right to use and enjoy the freehold, and was, therefore, a part of it by the intention as to its use and enjoyment, but that the parties to the sale expected and understood, at the time of the purchase, that it would pass with the premises and by the conveyance.

We must presume against the vendor; and, as it could not well be removed from the ice-house at that season of the year, save by the small, and as used, he certainly would have reserved the right to enter upon the premises and take it away, if he had then so expected or intended. At least, fairness to the vendee required him to make the reservation. The purchaser, owing to the nature of the article, and all the other circum-

stances we have alluded to, had a right, by reason of the silence of his vendor, to consider, as he undoubtedly did, that the ice passed to him with the freehold. It was the duty of the vendor to speak. The property was being purchased for hotel purposes. The season for gathering ice had passed ; and the purchaser, seeing the ice in the ice-house at that time of year, would naturally conclude that it would pass with the property for use in the intended business, and as almost indispensably necessary to it. It must be regarded by the intention of the parties as connected with the particular business to be carried on upon the premises, and that it, therefore, was understood and intended by the parties as passing by the conveyance of the freehold.

The action of the lower court conformed to this view, and the judgment is affirmed.