### In re SMITH.

(District Court, N. D. California, First Division.   March 30, 1916.)

#### No. 8199.

1. BANKRUPTCY ☞87—INVOLUNTARY PROCEEDINGS—PETITIONING CREDITORS —AMOUNT OF CLAIMS—DETERMINATION—NOTICE TO INTERVENERS.

Creditors, who intervened in involuntary bankruptcy proceedings after the original petition had been referred to the master to liquidate the claims of the petitioning creditors, in order to determine whether their claims were sufficient in amount, and after the time for which the hearing before the master had been noticed, but before the hearing after continuance, were not entitled to notice of the hearing, but were bound to ascertain the state of the record and to appear at the hearing, if they desired to do so.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 12, 152–155; Dec. Dig. ☞87.]

2. BANKRUPTCY ☞95—INVOLUNTARY PROCEEDINGS—PETITIONING CREDITORS —AMOUNT OF CLAIMS—DETERMINATION—RE-REFERENCE.

Such creditors are not entitled to a re-reference, after the master found that the original petitioners did not have sufficient claims to support the proceedings, because they failed to introduce any evidence in support thereof on the mere suggestion of collusion between the bankrupt and the original petitioners; but such re-reference can be granted in the interest of due and orderly proceedings in the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 132, 140, 145; Dec. Dig. ☞95.]

In Bankruptcy. In the matter of F. M. Smith, bankrupt. On motion of the alleged bankrupt to approve the report of the master that the petitioning and intervening creditors did not hold provable claims against the respondent in the sum required. Motion to confirm denied, and matter re-referred to the master, with directions.

See, also, 209 Fed. 91.

Morrison, Dunne & Brobeck and Walter D. Mansfield, all of San Francisco, Cal., for alleged bankrupt.

Green, Humphreys & Green and Rufus C. Thayer, all of San Francisco, Cal., for petitioning creditors.

Samuel M. Shortridge, of San Francisco, Cal., E. Nusbaumer, of Oakland, Cal., and Walter H. Linforth, of San Francisco, Cal., for certain intervening creditors.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DOOLING, District Judge. [1] In July, 1914, a petition was filed by certain persons, claiming to be creditors of F. M. Smith, and praying that he be adjudged a bankrupt. Thereafter, and in August, 1914, certain other persons, also claiming to be creditors of the alleged bankrupt, intervened in the proceeding and joined in the prayer of the original petitioners. In November, 1914, the whole matter was referred to a special master, that the claims of the petitioners and interveners, which were in the nature of unliquidated demands, might be liquidated, in order to determine whether they had in fact claims sufficient in amount to support the petition and thus to determine whether or not the petition was "rightfully filed." This reference was made in the face of strenuous opposition thereto on the part of petitioners and interveners. On June 10, 1915, the matter was, upon notice given by respondent to all who were then parties to the proceeding, called up for hearing by the master, and was thereafter continued by him by regular continuances to January 28, 1916, at which time it was heard.

Meanwhile, and on June 28, 1915, after the order of reference, and after the same had come on regularly for hearing before the master, certain other persons claiming to be creditors of the alleged bankrupt, having obtained from the court leave to do so, also intervened and joined in the prayer of the original petitioners. No notice was given these interveners of the proceeding before the master, although the files of this court showed that the matter had been referred to him, and the purpose of such reference. The certificate of the master shows that on January 28, 1916, when the matter was finally called by him for hearing, respondent appeared by his attorney, and the petitioners and first intervening petitioners appeared by their attorney, but that no evidence was introduced either by petitioners or such interveners for the purpose of liquidating their said claims, or in relation thereto, and that for that reason he reported:

"That said petitioners and intervening petitioners have not established that they hold provable claims or debts against said respondent in the sum of $500, or in any sum whatever."

Respondent now moves the court to approve this report of the master, which motion is resisted by the last intervening petitioners, on the ground that they had no notice of the hearing before the master, and that they were entitled to such notice. I do not think the last intervening petitioners were entitled to any notice of the proceedings then in progress before the master. All parties to the proceeding at the time that the matter was first called up by him had received notice of such calling, and when the last petitioners intervened it was their duty to ascertain the state of the record, both in this court and before the master, to whom the matter had been referred long before they appeared. In other words, when they intervened, they intervened in the proceedings as they then stood, and the burden was upon them to ascertain what had occurred before the master prior to their intervention, if they thought they had any interest in the proceedings before him. Had they done so, they could readily have learned that the hearing before the master had been continued to June 29th (they intervened on June 28th), and could have kept track of the continuances there-

after. So far as their claim of lack of notice is concerned, I deem it to be without merit.

[2] But they suggest now that the matter should be re-referred to the master for the purpose of ascertaining whether the failure of the petitioners and the first interveners to produce any proof in support of their claims was the result of any collusion between them and respondent. I am quite certain that they cannot obtain such re-reference upon a mere suggestion as a matter of right. But having in mind the vigorous contentions made by the petitioners and first interveners when these proceedings were inaugurated, and particularly when the court was considering the question of referring their claims to the special master for the purposes of liquidation, I am desirous myself of knowing, in the interest of the due and orderly proceedings in this court, why the energy displayed at that time has so spent itself as to result in a failure to present any proof in support of their claims.

The motion to confirm the report of the master is for the present denied, and the matter is re-referred to him, with directions to investigate the question whether there was any agreement or understanding between respondent and the petitioners and first interveners, or any collusion btween them, and whether the latter have received or will receive, directly or indirectly, any consideration whatever for their failure to offer proof in support of their claims upon the prior reference.