## Dyer v. Owens.

(Decided June 24, 1924.)

### Appeal from Pike Circuit Court.

1. Landlord and Tenant—Lease for Years is Personal Property.— A lease for years is personal property, in view of Ky. Stats., section 458.

2. Frauds, Statute of—Assignment of Lease Terminable on Thirty Days' Notice Need Not be in Writing.—Lease which could be

terminated on 30 days' notice was personalty, and an assignment or transfer of it was not required by Ky. Stats., section 470, to be in writing, in view of section 458.

W. W. BARRETT and STRATTON & STEPHENSON for appellant.

WILLIS STATON and L. J. MAY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing on the original and cross appeal.

On February 1, 1914, the C. & O. Railroad leased to J. H. Nichols a lot in Shelby city. The lease was for a term "from the 1st day of February, 1914, to the 31st day of January, 1915, unless sooner determined as hereinafter provided." Among other things, the lease contained these provisions:

> "The said J. H. Nichols, lessee, hereby covenants and agrees that the said the Chesapeake and Ohio Railway Co., lessor, shall have the right to terminate this lease at any time before the time fixed herein for the termination of the same, upon giving to said lessee thirty (30) days' written notice of its intention so to do. In the event that said lessee shall, with the consent of said lessor, hold over beyond the time fixed herein for the termination of said lease, said lessee expressly agrees that the foregoing covenants shall apply during the time he so holds over and that thirty (30) days' notice in writing shall be all that shall be in any case required to entitle said lessor or its assigns to terminate this lease and re-enter."

Nicholas built a frame house on the lot and opened a restaurant in it. After operating the restaurant awhile he sold the property to others. It finally passed into the hands of T. H. Owens and Lindsey Dyer, to each of whom he executed a deed in 1921 for half the property. Owens and Dyer conducted the restaurant awhile, but they falling out Dyer, by parol contract, sold out his interest to Owens for $1,000.00 in the spring of 1921.

On July 26, 1921, Dyer brought this suit against Owens charging that they were partners and asking a settlement of the partnership. Owens answered setting up the verbal contract by which Dyer had sold out to him for $1,000.00. Proof was taken and on March 15, 1922, the court entered a judgment adjudging that the parol

contract between Dyer and Owens for a sale of his interest in the farm was void because not in writing, also that the partnership was unsettled and referred the case to a commissioner to make a settlement of the partnership. The commissioner filed a report, both parties filed exceptions to it, and on October 19, 1922, the court entered a judgment substantially confirming the commissioner's report. From this judgment Dyer appeals and Owens prosecutes a cross-appeal.

The first question in the case is as to the validity of the parol contract between Dyer and Owens by which Dyer sold out his interest in the firm to Owens, and Owens agreed to pay Dyer $1,000.00 therefor. The proof shows that this contract was made and that Dyer, after the making of the contract, ceased to work in the restaurant as he had done theretofore, and had nothing more to do with it. Under the evidence he was clearly bound by the contract unless it was such a contract as was required by law to be in writing.

The only interest that Owens and Dyer had in the land was under the lease from the C. & O. Railroad. If this lease was personal property, the contract was not required to be in writing. A stream can rise no higher than its source; if this lease was only a chattel interest in the hands of Nicholas, it continued a chattel interest in the hands of his vendees, although it was transferred to them by deed. In 22 R. C. L. 65, the rule is thus stated:

> "Chattels real are interests in real estate less than freehold, such as estates for years, at will and by sufferance. They are to be distinguished, on the one hand, from things which have no concern with the land, such as mere movables and rights connected with them, which are chattels personal, and, on the other hand, from a freehold, which is realty."

By section 458, Kentucky Statutes, it is provided that "the words 'personal estate' shall include chattels real, and other estate, such as, upon the death of the owner intestate, would devolve upon his personal representative." Under this statute it was held in Prather v. Davis, 13 Bush 372, that a lease for years is not real but personal property; and in Combs Lumber Co. v. Chinn, 90 S. W. R. 251, this ruling was followed. In that case an appeal was taken in an action to enforce a materialman's lien on such a leasehold. The amount in contro-

versy was less than $200.00. The appeal was dismissed on the ground that the appellee's interest in the store was simply personalty.

The lease, not being for longer than one year, an assignment or transfer of it was not required by section 470, Kentucky Statutes, to be in writing, and being simply personal property the transfer was valid though not in writing signed by the parties. Our statute of frauds does not require a contract for the sale of personal property to be in writing unless it is a lease of real estate for longer than one year. This lease was determinable at any time on thirty days' notice after January 31, 1914, and was clearly personalty under the statute.

The parol contract by which Dyer sold out to Owens for $1,000.00 was, therefore, valid. This conclusion makes it unnecessary for us to review the rulings of the court on the exceptions to the commissioner's report making a settlement of the partnership. On the return of the case to the circuit court the rights of the parties will be adjusted under the parol contract, and judgment will be entered accordingly under the evidence now in the record.

The judgment is reversed on the original and on the cross appeal and the cause is remanded for a judgment as above indicated. Each party will pay his own costs in this court.