## Owens v. Dyer, et al.

(Decided November 20, 1925.)

Appeal from Pike Circuit Court.

Set-off and Counterclaim—Partner Buying Interest of Other Partner Held Entitled to Offset Against Price Debt Owing by Selling Partner.—Partner buying interest of other partner held entitled to offset against amount he agreed to pay a debt owing him by selling partner.

L. J. MAY for appellant.

STRATTON & STEPHENSON for appellees.

Opinion of the Court by Drury, Commissioner—Reversing.

This is the second appeal of this case. The former opinion is in 204 Ky. 59, 263 S. W. 663. This suit was brought by Dyer to settle a partnership which he alleged existed between him and the appellant, Thomas H. Owens. Owens, in his answer, admitted that a partnership had existed between them but alleged that in 1921, "He bought the entire interest of Dyer for the contract price of $1,000.00." Dyer does not deny this, but says in his reply:

"He then made the proposition of selling out to the defendant, and agreed to take $1,000.00 . . . and Owens promised and agreed to take it but . . . never did so."

Owens afterwards filed an amended answer and counterclaim containing this:

"On the 27th day of April, 1921, that said Dyer executed and delivered to G. S. Smith two notes for the sum of $810.00 and that thereafter and before

said notes became due that the said Smith indorsed and delivered said notes to this defendant and that said notes are just, due and unpaid, and that same is filed herewith and made part hereof, and marked 'Notes' for identity.''

The case was referred to the commissioner and in the report of the commissioner this claim of defendant Owens for $810.00 was allowed against Dyer. To this report Dyer filed exceptions, complaining of six different items therein, but making no complaint of the allowance to Owens of this claim against Dyer of $810.00 on account of these notes. When Dyer's deposition was taken, he said on direct examination, ''I told Owens if he would give me $1,000.00 . . . I would take it.'' On cross-examination, he said, ''I owe this $810.00.'' ''Nothing was said about these notes when I agreed to take $1,000.00.''

The trial court adjudged this sale invalid because not made in writing, entered a judgment in accord with the report of the commissioner, but disallowing this claim of $810.00 against Dyer which the commissioner had allowed. Dyer appealed and Owens prosecuted a cross-appeal. The judgment was reversed on both the original and cross-appeal. In the opinion this court spoke of this sale four different times as a sale for $1,000.00. That opinion has never been modified. According to that opinion, according to the pleadings, and it appears to us, according to the evidence, this was a sale by Dyer to Owens for $1,000.00. Clearly, against this $1,000.00 Owens was entitled to set off this $810.00 asserted in his counterclaim, or anything else Dyer owed him, yet the trial court refused to allow it, and entered a judgment in favor of Dyer against Owens for $1,000.00, which was equivalent to finding that Owens was to pay Dyer $1,810.00 for his interest in the restaurant.

The appellee, Dyer, has not found sufficient merit in this judgment to furnish us with a brief in defense of same. We have been unable to find any defense for him.

The judgment is reversed and the cause remanded for consistent proceedings.