## Scott v. Owens' Administrator.

(Decided November 1, 1929.)

W. K. STEELE for appellant.

L. J. MAY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

John Scott appeals from a judgment for $669.28.

This appeal grew out of a suit in the Pike circuit court, out of which there have already come two appeals. See Dyer v. Owens, 204 Ky. 59, 263 S. W. 663, and Owens v. Dyer, 211 Ky. 359, 277 S. W. 456.

In this suit a judgment was entered on October 19, 1922, in favor of various creditors against this firm of Owens & Dyer. The property of this firm had previously been placed in the hands of the appellant, John Scott, as master commissioner, and in this judgment we find this:

"It is adjudged that the Master Commissioner pay out the money on hand after paying the cost, prorating the same, to the various creditors as above set out. . . .

"The receiver of this court (the Master Commissioner) will continue to rent the property and collect the rents therefrom and hold same subject to the

orders of the court, until the debts adjudged herein are paid, to which time this case is continued, for the purpose of making disposition of the partnership property.''

While these appeals were pending Scott collected more than enough to pay these creditors, and after paying them he divided the excess equally between Owens & Dyer.

It has now developed that this money should not have been so divided between these partners, and that there was much more going to Owens than to Dyer.

Owens is dead and appellee, Fred Hall, is administrator of his estate. When Scott filed his report, the administrator of Owens filed exceptions to three items, aggregating $669.28, that had been paid to Dyer. These exceptions were sustained, and judgment for this $669.28 against Scott followed. This was properly done, for, if Scott had read this judgment of October 19, 1922, he would have seen he was directed to pay out this to these creditors, but the excess he was directed to hold subject to the orders of the court. He did not do so, and his present misfortune is one of his own making.

Judgment affirmed.