## Day's Executrix v. Traders' National Bank et al.

(Decided February 4, 1930.)

TURNER & CREAL and HENRY WATSON for appellant.

W. B. WHITE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

On January 20, 1928, B. F. Day, rented to L. C. Tipton his farm under a written contract, which so far as material was in these words:

"I have this day rented my farm on the Fogg pike of 90 acres to L. C. Tipton from March 1, 1928, to March 1, 1929, for the price of $725.00, due March 1, 1929, or when the proposed tobacco crop is sold, and he to put two coats of paint on the dwelling house, Day to furnish the paint, said Tipton is to cultivate the field next to Beans in corn. He is to cultivate about four acres of tobacco including the two front orchards and about two and a half acres next the pike east of the front gate, the proceeds of such tobacco to be applied when sold as a payment on the rents aforesaid."

Tipton raised a crop of tobacco. He sold a part of the tobacco on December 18, 1928, for $515.88, and sold the remainder of the tobacco on January 5, 1929, for $565.95; he placed the proceeds of both sales in the Exchange Bank of Mt. Sterling. On January 7, Tipton came to Frankfort and delivered to Day the following check:

"$650.00        Mt. Sterling, Ky., Feb. 7, 1928.

"The Exchange Bank of Kentucky, 72—148:

"Pay B. F. Day or order six hundred & fifty & no/100 dollars
"Ex. No. 2.                    L. C. Tipton."

Day sent the check by letter that morning to the Traders' National Bank at Mt. Sterling, which held a judgment recovered against Tipton some years before and a return of no property found thereon. The bank, on January 7, took out an attachment and levied the attachment on the fund in the hands of the Exchange Bank. When it received the check from Day, it returned the check, refused because of the attachment. Day filed his petition in the attachment case, asserting a lien on the money in the bank superior to the attachment. The circuit court rejected this claim and gave judgment in favor of the Traders' Bank on the attachment. Day's executrix appeals.

It will be observed that the check is dated February 7. Day says in his deposition that it was given February 7, and so does Tipton in his deposition; but the letter Day wrote to the bank, inclosing the check, is dated January 7, and Tipton says that he came to Frankfort and gave the check within three days after the sale of the tobacco.

It is earnestly insisted that Day had a lien upon the money in the bank by reason of the written contract with Tipton. But the contract does not so provide. The contract plainly contemplates that Tipton should sell the tobacco and then pay Day. It merely fixes the time of payment. If Tipton had checked out all of this money to others on January 6, and these checks had been paid before Day's check got there, clearly Day could have asserted no cause of action against the bank or the persons who had received the money. The check did not operate as an assignment of the fund in the bank. If before this check was presented, Tipton had drawn other checks to other people, which had been presented, Day would have had no claim against the fund. Dickerson v. Snyder, 209 Ky. 212, 272 S. W. 384; 3720b—189 Kentucky Statutes.

Appellant relies on section 2317, Kentucky Statutes, which is in these words:

> "A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant, or under-tenant, owned by him, after possession is taken under the lease; but such lien shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than eleven months. And if any such property be removed openly from the leased premises, and without fraudulent intent, and not returned, the landlord shall have a superior lien on the property so removed for fifteen days from the date of its removal, and may enforce his lien against the property wherever found."

The tobacco was the produce of the farm rented. Under the statute the landlord has a superior lien on the tobacco; but by the terms of the contract the tenant was not to pay the rent until the tobacco was sold, and the proceeds of the tobacco, when sold, were to be applied as

a payment on the rent. As the tenant raised the tobacco, and had possession of the farm and the tobacco, the necessary meaning of the contract is that the tenant shall sell the tobacco and out of the proceeds pay the rent. While the statute gave a lien upon the tobacco, it did not give any lien upon the proceeds of the sale of the tobacco, and plainly the landlord could not assert a lien on the tobacco in the hands of the purchaser, when it had been sold by the tenant as provided in the contract. The landlord, under the statute, had therefore no lien on the proceeds of the sale superior to an attaching creditor. Stone v. Bohm Bros., 79 Ky. 141; Louisville, etc., Theater Co. v. Ragan, 186 Ky. 672, 217 S. W. 929, 9 A. L. R. 294.

Lastly, it is insisted that the landlord has the older equity, and should have been adjudged priority over the attachment, because the debt of the attaching creditor was created before the rent contract was made, and was a liability then existing, on the ground that the attaching creditor simply stands in the shoes of his debtor, under the rule which is thus stated in 2 R. C. L., p. 861, sec. 71:

"As heretofore stated, an attachment lien does not extend beyond the interest of the debtor in the property attached. Hence it does not displace prior equities or rights, but is subject to all equities to which the property was liable in the debtor's hands, and therefore if a debtor had done any act, or entered into any agreement which would preclude him from asserting an equity that he once had, his creditor will likewise be precluded."

Appellant relies on Jones v. Louisville Tobacco Co., 135 Ky. 824, 121 S. W. 633, 123 S. W. 307. In that case the tenant had rented the land from his wife. When the crop was raised, he turned it over to his wife, and she shipped and sold it in her own name. The purchaser refused to pay her the money, and applied it on a debt against her husband. The court held the transfer between husband and wife void, but that the wife had not lost her landlord's lien, because she had taken charge of the property and sold it. In Marquess v. Ladd, 100 S. W. 305, 30 Ky. Law Rep. 1142, which is also relied on, the tenant had delivered the tobacco to the landlord. In this case, however, the landlord did not take charge of the property. The tenant sold it, and sold it in his own name; he collected the proceeds and deposited money in the bank in his own name, and while it was there, when

the landlord had done nothing and the money was subject to the check of the tenant, the creditor of the tenant attached it. While the landlord has a claim against his tenant, he has no equity in the fund in the bank, within the meaning of the rule as to an older equity.

It will be observed that the check is dated February 7, 1928. Both Tipton and Day say the check is correctly dated, but plainly it was not given on February 7, 1928, for the tobacco was not sold until January 5, 1929. It is not easy to understand why the drawer of the check, on January 7, 1929, wrote at the head of it the words "February 7, 1928." But, however this may be, the money in bank was subject to the order of Tipton, and, being attached before this check was presented, the attachment is superior to Day's rights. The sum of the case is that Day trusted Tipton to sell the tobacco and pay him out of the proceeds. While the attaching creditor stands in the shoes of his debtor, he has all the rights which the debtor had at the time of the attachment, and at this time Tipton had the power to check out the money in any way he wished.

Judgment affirmed.