## First State Bank of Eubank v. Crab Orchard Banking Company.

(Decided Oct. 23, 1934.)

BEN V. SMITH & SON for appellant.

J. B. PAXTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

By virtue of a deed dated November 4, 1925, the Crab Orchard Banking Company had a vendor's lien on certain described real property in Lincoln county "known as the Crab Orchard Milling Company," "including all the buildings and appurtenances of every kind on said lot." On April 11, 1929, the property was mortgaged to the First State Bank of Eubank, Ky. After the description there follows:

"This mortgage to include all buildings, machinery and personal property of any and all description which is now held by said Company or to be acquired."

After the creation of the vendor's lien there were added to the mill a meal packer, a batch mixer, a flour dresser, a feed mill, and a vita cereal mill, and other property not in controversy.

In this action by the Crab Orchard Banking Company to enforce its lien, the First State Bank of Eubank filed its answer, counterclaim, and cross-petition, denying the lien of the Crab Orchard Banking Company, and asserting a prior lien on the property above named. The Crab Orchard Banking Company was adjudged a prior lien on the property, and the First State Bank of Eubank appeals.

Appellant insists that chattels attached to the freehold subsequent to the execution of the deed or mortgage, and not mentioned therein, will not be subject to the lien of the vendor or mortgagee, unless they are so attached that they cannot be removed without detriment to the original contract lien of the vendor or mortgagee. It is true that the law has been stated in the above form, Clore v. Lambert, 78 Ky. 224, and that for a long time the question, whether a thing was a fixture or not, depended alone on whether it was in fact so annexed to the realty that it could not be removed without injury to the freehold; but, as pointed out in Hill v. Mundy, 89 Ky. 36, 11 S. W. 956, 11 Ky. Law Rep. 248, 4 L. R. A. 674, and the subsequent cases of De Charette's Guardian v. Bank of Shelbyville, 218 Ky. 691, 291 S. W. 1054, and Doll v. Guthrie, 233 Ky. 77, 24 S. W. (2d) 947, the ancient rule has been enlarged and liberalized with the increase of varying business interests, and the present current of authority is opposed to any arbitrary or unyielding rule upon the subject, with the result that the tests for determining whether an article is a fixture are: (1) Annexation to the realty, either actual or constructive; (2) adaptation or application to the use or purpose, to which that part of the realty to which it is connected is appropriated; and (3) intention to make the article a permanent accession to the freehold. Here all the articles were attached to the freehold, and some of them were bolted and set in concrete. At least two of them were replacements. They were regarded as necessary for the operation of the mill, and were not only adaptable, but were actually applied to the use or purpose for which they were purchased. In the light of these facts it is but a fair inference that the articles were not purchased merely for temporary use, but were intended to be permanent accessions to the freehold. It follows that the chancellor did not err in holding that they were subject to appellees' lien.

Judgment affirmed.