## Jackson v. Coons et al.

Jan. 17, 1941.

Robert M. Odear for appellant.

W. H. Hanratty for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

In February, 1938, the appellee, John B. Gorham, verbally leased to the appellee, W. T. Coons, 460 acres of land located in Fayette County, Kentucky, for a term beginning March 1, 1938, and ending March 1, 1939, at an agreed rental of $4,250, one-half of which was to be paid in cash on September 1, 1938, and one-half on March 1, 1939. The lessee sublet certain portions of the land to tenants for the purpose of raising corn and tobacco on shares. On June 20, 1938, the lessee, Coons, together with his wife, executed a chattel mortgage to the appellee, Hanratty, upon all of the one-half undivided interest of the lessee in 20 acres of tobacco and 50 acres of corn growing and planted on the leased premises to secure the payment of a note for the sum of $575. The mortgage was recorded in the Fayette County

Clerk's office on July 8, 1938. On July 1, 1938, the lessee executed a similar chattel mortgage to the appellee, Gorham, to secure the payment of $4,250, representing the agreed rental of the farm. This mortgage was recorded on July 9, 1938. At the time these mortgages were executed the appellee, Coons, owned no other property except a wagon and a plow, and was indebted to the appellant, Virginia G. Jackson, in the approximate sum of $1,300, and to other creditors in varying amounts.

On November 19, 1938, appellant instituted this action asking that both of the mortgages above mentioned be set aside and held for naught on the ground that both of them were given without consideration and that the same were operating as a fraud upon the appellant and were for the purpose of and were operating to prevent the appellant from collecting her debt which had theretofore been reduced to a judgment, upon which judgment an execution had been issued and returned "No Property Found." Upon the filing of this action a general order of attachment was issued which was levied upon the interest of the appellee, Coons, in the tobacco found in the three barns on the John B. Gorham farm, the attached property being left with Coons as the sheriff's bailee.

On December 17, 1938, an agreed order was entered reading as follows:

"By agreement of the parties and the Court being advised,

"It is hereby ordered and adjudged that the lien of plaintiff's attachment herein be, and the same is hereby, extended by agreement to cover the tobacco raised by the defendant, W. T. Coons, on the farm of the defendant, John B. Gorham, which tobacco is now stored in Bourbon County, Kentucky, but which tobacco is to be brought to Lexington, Kentucky, for sale, and it is further ordered and adjudged that the defendant, W. T. Coons, herein, be, and he is hereby permitted to sell any or all of the tobacco under attachment herein, and the lien of the plaintiff under her said attachment shall by agreement affix to and be a lien upon the proceeds from the sale of said tobacco in the hands of the warehouseman where said tobacco is sold, and it is stipulated and agreed by and between the

parties hereto that said money, to wit: the proceeds from the sale of all of said tobacco shall be allowed to remain in the hands of said warehouseman until the rights of the parties herein are ascertained and adjudged.''

In an amended petition filed December 30, 1938, appellant alleged that the mortgage to the appellee, Gorham, was executed and given by the appellee, Coons, in contemplation of insolvency and with the design to prefer one creditor to the exclusion of other creditors, and that at the time of the giving of the mortgage, Coons, was insolvent and has remained insolvent. By answer and cross-petition Gorham traversed the material allegations of the petition and asserted his landlord's lien and mortgage alleging that the mortgage had been executed to protect him from loss by reason of the removal of crops from the farm.

The appellee, Hanratty, by an answer and cross-petition, likewise traversed the material allegations attacking his mortgage, and sought its enforcement.

In her reply to the answer of the appellee, Gorham, the appellant pleaded the statute of frauds, (Kentucky Statutes, Section 470), in avoidance of any contract of rental between the appellees, Gorham and Coons.

The testimony shows without contradiction that the consideration for the chattel mortgage executed by the appellee, Coons, to the appellee, Gorham, was the rent of a farm amounting to $4,250, which was wholly unpaid at the time the mortgage was executed, and that the consideration for the mortgage given to the appellee, Hanratty, was a loan of $400 which was afterwards paid, and a pre-existing indebtedness for legal services amounting to $175. No proof was offered by the appellant in support of her contention that the mortgages were executed without consideration. The mortgage to the appellee, Hanratty, was a preferential mortgage to the extent of the indebtedness of $175 for legal services secured thereby, but, since it was not shown to be fraudulent and the appellant did not plead that it was executed in contemplation of insolvency and with a design to prefer one creditor to the exclusion in whole or in part of others, the court correctly awarded Hanratty judgment for the $175 balance. In any event, the action

of the court with respect to this mortgage is not subject to review.

We may also disregard appellant's attack upon the validity of the lease based upon the fact that it was verbal and hence within the statute of frauds, since appellant appears to have abandoned her contention in this respect and it is the settled rule in this State that the plea that a contract is within the statute of frauds is available only to the parties sought to be charged, and cannot be relied upon by creditors or third parties. Niagara Fire Insurance Co. v. Layne, 162 Ky. 665, 172 S. W. 1090.

The foregoing resume of the facts out of which this litigation arose is taken largely from the comprehensive report of the commissioner to whom the action was referred by the chancellor. The commissioner recommended that the appellee, Gorham, be awarded a lien on the proceeds of sale of the tobacco and grain to secure the payment of his debt, subordinate to the mortgage of the appellee, Hanratty, for $175, and that the appellant be paid $100.53 attached in the hands of a garnishee not a party to this appeal. Exceptions to the commissioner's report were overruled and a decree entered in accordance therewith, the amount awarded the appellee, Gorham, being $2,125, the balance due him after deducting certain proceeds of sale which had been paid to him out of the funds in court. This appeal followed.

Appellant's counsel advances two contentions in support of his plea for a reversal, namely: (1) That since Gorham, through the agreed order heretofore quoted, consented to the sale of the tobacco, neither his landlord's lien nor the lien created by the chattel mortgage attached to the proceeds of sale, and (2) The mortgage was executed by Coons in contemplation of insolvency and with design to prefer Gorham within the meaning of Section 1910, Kentucky Statutes.

It may be conceded that ordinarily when mortgaged property is sold by the mortgagor with the consent of the mortgagee, the lien does not attach to the proceeds of sale to the prejudice of an attaching creditor, and that a landlord's lien on crops may be likewise lost. American Jurisprudence, Vol. 10, Section 194, page 844; Day's Executrix v. Traders' National Bank, 232 Ky. 662, 24 S. W. (2d) 576. But to hold that a sale under

the agreed order destroyed Gorham's lien, as contended by appellee, would not only be a perversion of the rule referred to but would defeat the purpose of the order which was not to terminate the lawsuit in appellee's favor, but to facilitate the disposition of the mortgaged property and the adjudication of the rights of the parties.

At the time the mortgage was executed to Gorham, he had a landlord's lien on the produce of the farm to secure the payment of his rent, but the barns on the leased premises were insufficient to hold the larger portion of the tobacco crop, and it therefore became necessary to rent other barns in which to place the remainder of the crop after it was severed from the land. The landlord's lien would not have been lost until the expiration of fifteen days from the date of the removal of the tobacco from the leased premises. Therefore, under his mortgage, Gorham acquired no greater right than he already had.

The statute invoked in this case is intended to prevent an insolvent debtor from giving one creditor preference over another. The term is defined as "the paying or securing to one or more of his creditors by an insolvent debtor the whole or a part of their claim to the exclusion of the rest. The right which a creditor has acquired over others to be paid first out of the assets of his debtor." 2 Bouv. Law Dict., Rawle's Third Rev., p. 2662. Under his mortgage the landlord did not acquire the right to be paid first out of the assets of the debtor, as this right existed in his favor before the mortgage was given. The mortgage merely preserved the right which was already in existence.

While apparently there is no reported case in this State involving the exact question here presented, it seems to us that the principle announced in the case of Meier v. F. L. Flinsbach, et al., 95 Ky. 139, 24 S. W. 235, 236, 15 Ky. Law Rep. 482, is applicable, even though in that case a contemporaneous consideration, in the nature of an increase of the secured debt, existed for the execution of the attacked instrument. There, $15,000 borrowed by a member of an insolvent firm had been paid out of $22,000 later borrowed by another firm member from the same lender. Both loans had been secured by unrecorded deeds, which were in fact mortgages, cov-

ering separate parcels of the partnership property, and the $22,000 mortgage was attacked as a preferential conveyance upon the ground that it was given in part to pay the pre-existing debt of $15,000. Said this court:

> "The act of Schwartz in mortgaging the Christy Woods property, it is true, secured a pre-existing debt to the extent of $15,000, but the act of preference, or the intent to prefer, is wholly lacking. The creditor got nothing he did not have before, and was therefore not preferred."

See, also, Foley's Trustee et al. v. Foley et al., 108 S. W. 270, 32 Ky. Law Rep. 1228.

The cases relied on by appellant are cases in which the conveyances or mortgages attacked as preferential were executed to creditors who were otherwise unsecured. We have been cited no case holding that a mortgage executed to a creditor possessing a statutory lien on the property mortgaged to secure the same indebtedness may be attacked as preferential.

The motion of the appellee, Hanratty, to dismiss the appeal as to him is sustained, and the judgment as to all other parties is affirmed.