### Finley v. Ford.

February 28, 1947.

Joe L. Price, Judge.

Roy G. Garrison for appellant.

Boyd & Boyd for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

On May 1, 1937, Fred Rudy was the owner of a 15 acre tract of land near Paducah, when he and Ford, plaintiff below, entered into a verbal agreement whereunder Rudy permitted Ford to build a small frame dwelling, a hen house and two hog pens on the tract,

their total value being about $500. It was agreed that Ford should be allowed to remove the improvements at any time he desired. The consideration was that Ford should care for the Rudy premises. He proceeded to erect the house, which the proof shows was not substantially constructed as to foundation, and that the improvements could be removed without injury to the real estate. Ford occupied the dwelling from its completion until March 1, 1945, when he moved out, renting the dwelling to one Grimes at $10 per month, for four months, the rent being paid one-half to Rudy, the other to Ford, on the idea that Ford owned the improvements and Rudy the land.

In June 1946, Rudy conveyed the tract to E. M. Finley, defendant below, and while the deed is not exhibited it is conceded that the improvements were not excepted. After Grimes moved Ford began to dismantle the outbuildings, moving part of the materials, whereupon Finley notified him to discontinue removal; thereafter Ford filed petition seeking to have the court declare him the owner of the buildings, and to enjoin Finley from interfering with their removal.

The facts as stated generally were set out in Ford's petition, to which appellant demurred and moved to require plaintiff to state definitely whether or not the alleged agreement was oral or written. The court properly overruled both demurrer and motion. Appellant by answer denied the material allegations, pleading affirmatively the Statute of Frauds, KRS 371.010 (6) and (7). Estoppel was also plead, based on the charge that Ford in renting to Grimes had abandoned the improvements. Appellant alleged that Ford had removed a portion of a storm shelter, leaving a large excavation, damaging the property to the extent of $100. A reply closed the issue.

On submission the jury returned the following verdict: ''We the jury find for plaintiff on his claim for buildings mentioned in the evidence and on defendant's counterclaim.'' The court entered a judgment in accord, and enjoined appellant from interfering with the removal of the buildings. Appellant had moved for a directed verdict at the close of evidence, and for judgment notwithstanding verdict. These were overruled.

As bearing on the questions to be discussed, it may

be noted that appellee's petition specifically alleged that when Finley purchased from Rudy, he had actual knowledge of the fact that the ownership of the improvements was in Ford, and that Finley, through an agent, had undertaken to purchase from Ford. This was sufficiently proven by Ford himself, and by Mrs. Rudy who testified in his behalf.

Appellee by his testimony, and that of Rudy, fully established the contract, Rudy more completely than Ford. The latter spent much time in explaining what he thought was the consideration, and went to length in showing that he had cultivated, sowed and harvested small crops, pruned and cared for fruit trees, raised vegetables, etc. This testimony was carried to a great extent on cross-examination, in an effort to demonstrate that the contract could not be performed in one year from its making. We fail to see how the matter of consideration entered into the controversy. Mr. Rudy made it clear that Ford did not have to do anything more than look after the place and what was done otherwise was voluntary. He said that he permitted Ford to build the improvements with the privilege of removing at any time, or in case "we left there or sold the place." He said as far as he was concerned Ford could have moved it "the next day after it was completed," if he so desired.

Appellant in brief contends that the judgment should be reversed, because the court erred: (1) In admitting all evidence in respect of the oral agreement; (2) in overruling defendant's demurrer to the petition; (3) in overruling defendant's motion for peremptory, and motion for judgment notwithstanding, and (4) in the giving of instructions, particularly 2-a. All of the stated grounds, except the one in respect of instruction 2-a, are hinged on appellant's insistence that (1) the Statute of Frauds applies, and (2) if not appellant is estopped because he abandoned the improvements. The petition fairly states a cause of action. The contention seems to be that on its face it shows the contract to be within the statute, and that appellee had abandoned the property. It is true the petition, construing it against the pleader, shows an oral contract, but this does not make the pleading bad on demurrer or proof incompetent. Nor does the fact that Ford rented the improvements to Grimes.

We have not overlooked the fact that Ford alleged that the improvements were not fixtures within the legal meaning of the term, or that Finley plead that they were fixtures, hence parts of the real estate. This question is not discussed at length in appellant's brief, and we shall do no more than say that under the modern doctrine the idea that physical attachment is controlling is exploded; the status is determined by the character of the act by which the structure is put in place, the policy of the law connected with its use and purpose, and the intention of the parties. Pennington v. Black, 261 Ky. 728, 88 S. W. 2d 969; First State Bank of Eubank v. Crab Orchard Banking Co., 255 Ky. 800, 75 S. W. 2d 517; City of Newport v. Dorsel Co., 281 Ky. 372, 136 S. W. 2d 11. Under all the proof here it is clear that it was never the intention of the parties that the involved should be and become a part of the freehold.

That there was not such an abandonment as would work estoppel is clear from the proof. Ford had rented to Grimes in March, and the rent was divided between Ford and Mrs. Rudy for about four months. His possession was recognized by Rudy, who, according to Grimes, made no objection to his remaining on the premises until he could buy a place. Grimes makes it fairly clear that Finley recognized Ford's ownership. On these and other material points, it is observed that neither Finley nor Miss Chambers testified.

Appellant apparently makes his plea of violation of the Statute of Frauds his main contention, merely pointing us to KRS 371.010, without citing authority which would sustain his position. We do not think the plea available under the law, and under the facts here shown. In the first place appellant took title, as is fairly shown, with knowledge of Ford's ownership. Secondly, appellant was neither party nor privy to the contract between Rudy and Ford. It is well established that the statute does not make an oral contract for any of the purposes set out in the statute void, but only voidable, unenforceable. It relates to the right of a party to maintain an action to charge another upon the contracts or representations set out in the statute supra. We have held that the plea of the statute is personal to the party sought to be charged and their privies. Elliott v. Scoville's

Assignee, 144 Ky. 584, 139 S. W. 806; Jackson v. Coons, 285 Ky. 154, 147 S. W. 2d 45, 132 A. L. R. 1403.

Even if Finley had the right to maintain this defense, it is clear from the uncontradicted proof the contract manifested here would not fall under either subsection (6) or (7) of the statute supra. It was not a lease of real estate for longer than one year, nor was it an agreement that could not have been performed within the year. The agreement under Rudy's testimony could have been terminated by either party in thirty days, or in less time, with the right of removal at any time. We have also held that if the performance of an oral contract depends upon a contingency, which may or may not happen within the year, it is not within the statute. A contract if terminable at the will of either party and which may be performed by termination within one year, is not within the statute. Dyer v. Owens, 204 Ky. 59, 263 S. W. 663; East Tennessee Telephone Co. v. Paris Electric Co., 156 Ky. 762, 162 S. W. 530, Ann. Cas. 1915C, 543; Black Mountain Corp. v. Turner, 262 Ky. 733, 91 S. W. 2d 10.

As to objections to instructions, particularly 2-a, the question of agency was sufficiently established to justify the instruction in the form and of the substance as given. Aside from this, it was not prejudicial, since the proof shows that Finley, whether Miss Chambers was or was not his agent, had knowledge of the claim of Ford.

We have examined all instructions and are of the opinion that they fairly presented the issues. On the whole case we are unable to find reversible error, hence the judgment is affirmed.