## In re KLEIN.

No. 1086.

United States District Court,
W. D. Kentucky, Bowling Green Division.

July 24, 1953.

Wheeler & Marshall, Paducah, Ky., Jay G. Stephenson and J. G. Lackey, Jr., Nashville, Tenn., for S. S. Warren.

Charles H. Gill, Jr., Elkton, Ky., for trustee, R. L. Haley.

N. E. Frey, Elkton, Ky., for Elkton Bank & Trust Co. and Garth Camp.

Coleman, Harlin & Orendorf, Bowling Green, Ky., George Street Boone, Elkton, Ky., for bankrupt, Walter N. Klein.

Trimble, Soyers, Keith & Breathitt, Hopkinsville, Ky., for W. W. Henderson and V. H. Moorefield, partners d/b/a Henderson-Moorefield Lumber Co.

SWINFORD, District Judge.

This case is before the court on the petitions to review of various creditors and on

the certificate of the referee which presents the following questions:

(1) Was the evidence introduced by the trustee in support of his motion for a rehearing such as to justify the setting aside of the referee's order entered May 6, 1953 holding that a portion of the machinery belonged to the claimant, S. S. Warren, d/b/a Tennessee Machinery Company, Nashville, Tennessee?

(2) Was that portion of the property, namely the silo, which was held by the referee's order dated May 6, 1953, to be a part of the realty, actually property of the claimant, S. S. Warren, d/b/a Tennessee Machinery Company?

(3) Did the machinery become a fixture by its annexation to the property, and is it covered by a mortgage from the Elkton Bank & Trust Company and by certain materialmen's and mechanics' liens perfected at the time the bankrupt filed his bankruptcy petition?

In order to properly pass upon these questions it is necessary to briefly review the record. Walter N. Klein was a resident of Elkton, Todd County, Kentucky. In the summer of 1952 he entered into negotiations with S. S. Warren, d/b/a Tennessee Machinery Company of Nashville, Tennessee, looking toward the purchase and installation for Klein of certain grain handling machinery and equipment on the property of Klein in Elkton, Kentucky. These negotiations culminated in a written contract of date June 20, 1952, wherein it is recited that the Tennessee Machinery Company sold and Klein purchased machinery and equipment listed in the written contract. The contract recites, among other things, that the seller was to have a lien upon all the property to secure the balance of the purchase price. Certain oral modifications of the written contract were made by the parties with reference to the installation of this grain handling plant for which the machinery was purchased. These oral arrangements were due largely to the fact that it was necessary for the seller to furnish certain skilled labor for the installation. It is apparent from the record that all of the cost of labor was to be paid by the purchaser.

The machinery was installed and went into operation in October 1952. On December 18, 1952 Walter N. Klein filed a voluntary petition in bankruptcy. S. S. Warren thereupon appeared and made claim to the machinery and equipment on the ground that it was personal property and had not become a fixture of the realty on which it was constructed; that no title to the property had passed from him to the bankrupt and that he should be entitled to reclaim all of the property. He further asserts that the bankrupt had obtained this property from him under false and fraudulent representations as to his financial worth at the time the negotiations were consummated and that but for these false representations he would not have entered into the contract nor would he have delivered the property. The record also discloses that S. S. Warren asserted a materialman's lien on the property which he sought to reclaim.

The trustee and creditors, other than Warren, opposed the reclamation petition and contended that the property in question was rightfully a part of the assets of the bankrupt and should be held by the trustee for all creditors subject to the priorities given them by law.

The referee heard various witnesses which is shown by a transcript of the evidence contained in the record. Upon submission of the question the referee denied the petition for reclamation upon the alleged false financial statement given by the bankrupt but held further that the machinery in question was personal property and had not become a fixture or a part of the realty; that title to the machinery never passed from S. S. Warren to the bankrupt. The ruling of the referee was handed down by an order of May 6, 1953.

Petitions to review this order of the referee were filed and were sent to the undersigned judge. On motion and affidavits of certain creditors, which were forwarded to the court by the referee, the court rereferred the case to the referee by order of June 2, 1953.

Thereafter, on June 22, 1953, the referee held a further hearing on the questions covered in his order of May 6, 1953. Nu-

merous witnesses testified and certain of the creditors, who had given testimony on prior occasions, were recalled for further examination, including S. S. Warren and his son, James Warren. As a result of that hearing and in view of the additional evidence offered, a part of which was a letter of December 1, 1952 to "Cartwright's, Elkton, Kentucky", from S. S. Warren, the referee again reviewed the entire record and reversed his former decision in two respects. On July 3, 1953 the referee filed what is denominated "Supplemental Findings of Fact and Conclusions of Law" wherein he held that the title to the machinery, equipment and silo passed from S. S. Warren to the bankrupt and that the property, upon installation, became a part of the realty. In other words, it now appears that the petition for reclamation filed by S. S. Warren with the trustee was denied by the referee in its entirety and the property went into the hands of the trustee for the benefit of the creditors.

S. S. Warren in his petition for review first questions the right of the referee to change his order of May 6, 1953. I do not think there could be any serious question but that the court had a right to rerefer this case to the referee for further proof upon a showing that such proof was to the proper determination of the rights of the creditors. Bankr.Act, § 22, 11 U.S. C.A. § 45; In re Smith, D.C., 232 F. 284.

A careful reading of the evidence and a study of the briefs and authorities cited by counsel lead me definitely to the conclusion that the finding of the referee in denying the petition for reclamation was amply justified. This whole question must be one of the intention of the parties and that intention can only be drawn from the surrounding facts and circumstances at the time the transaction was had. From the financial statement submitted by Mr. Klein and his banker to Mr. Warren, which the evidence clearly shows to have been in good faith, it is reasonable to assume that Mr. Warren desired to sell the equipment to Mr. Klein. From the entire contract it can only be inferred that this was an outright sale in which the title passed and not a sale on condition where the title was retained in the seller. This conclusion is further vindicated by the fact that a lien was asserted by Mr. Warren.

With reference to the determination of the question of the machinery becoming a part of the realty, I believe, in the light of the evidence, that the case of First State Bank of Eubank v. Crab Orchard Banking Company, 255 Ky. 800, 75 S.W.2d 517, is controlling, as was decided by the referee. I am of the opinion that the assembling of the silo and equipment upon the foundation, under the circumstances disclosed by the record, was the building of a permanent grain handling plant.

The whole determination of this case on all questions raised must be based upon the evidence which was heard by the referee. By the terms of General Order 47, 11 U.S. C.A. following section 53, under the Bankruptcy Act the findings of fact and conclusions of law of the referee shall be accepted by the judge unless clearly erroneous. This General Order makes it necessary to show that the referee's certificate is clearly erroneous by pointing out the error if the testimony has been reported. The findings of the referee are sustained unless they are clearly wrong and without any foundation in fact. This is expressly true where the facts are controverted. Remington on Bankruptcy, Vol. 8, Section 3718; Kowalsky v. American Employers Insurance Company of Boston, Massachusetts, 6 Cir., 90 F.2d 476; Cunningham v. Elco Distributors, Inc., 6 Cir., 189 F.2d 87, 25 A.L.R.2d 1008.

The petition to review should be dismissed and the report of the referee adopted. An order to that effect is this day entered.