LANCASTER & LOVE, Inc.
v.
MUELLER CO. et al.

No. 14991.

United States Court of Appeals
Eighth Circuit.

July 27, 1954.

Rehearing Denied Aug. 20, 1954.

William Andress, Jr., Dallas, Tex. (A. F. House, Little Rock, Ark., and Jay W. Dickey, Pine Bluff, Ark., on the brief), for appellant.

John Harris Jones, Pine Bluff, Ark., for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

Lancaster & Love, Inc., appeals from a judgment adjudicating it a bankrupt on the ground that it committed an act of bankruptcy on November 17, 1952, by making, while insolvent, a preferential transfer of its property, within the intendment of 11 U.S.C.A. § 21, sub. a(2). Appellant, on the date mentioned, made an assignment of a certain sewer construction contract between itself and the city of Pine Bluff, Arkansas, to the Mercantile National Bank of Dallas, Texas, to secure pre-existing and anticipated debts. The assignee caused the assignment to be recorded in Jefferson County, Arkansas, on November 19, 1952, and notice thereof was given to the city of Pine Bluff on or about the same date.

There is no substantial dispute on the facts adduced at the hearing before the Referee in Bankruptcy and on further hearing in the District Court. It appears that in April, 1951, appellant was awarded a contract for sewer construction and improvements by the city of Pine Bluff, Arkansas, totaling $1,527,-071.81. Appellant thereupon entered into a "joint venture" agreement with Dallas Foundation Co., Inc., a Texas corporation, for the performance of the Pine Bluff contract. By the terms of this agreement, Dallas Foundation Co., Inc., obligated itself to supply two-thirds of the security necessary to obtain a contractor's bond in the amount of $1,500,-000, two-thirds of the necessary working capital, and make certain other contributions towards performance of the sewer construction contract. Appellant on its part agreed to supply one-third of the security for the contractor's bond, one-third of the working capital, and furnish certain equipment and management personnel. It was further agreed that all negotiations and transactions with reference to the performance of the sewer construction contract should be carried on in appellant's name but that appellant "is a trustee for this joint venture and acts throughout for the benefit of both parties hereto". The "joint venture" agreement also provided that profits accruing from the performance of the sewer construction contract shall be "divided equally" and losses "shall be borne by [appellant] until the exhaustion of its corporate assets and thereafter * * * the losses shall be borne by [Dallas Foundation Co., Inc.]". Two days later, on April 6, 1951, Dallas Foundation Co., Inc., assigned its interest in the "joint venture" agreement to C. K. and J. W. Vilbig, Jr.

Appellant and the Vilbigs thereafter entered upon performance of the Pine Bluff sewer construction contract. On February 29, 1952, appellant executed an assignment of its interest in the "joint venture" agreement to the Mercantile National Bank of Dallas, Texas, as security for the payment of appellant's demand note of even date in the sum of $69,725.00, and for other indebtedness then or thereafter owing by appellant to the Bank. The terms of said assignment provided that appellant "does hereby sell, assign, transfer, and set over to the Bank all moneys and amounts now or hereafter payable under that certain contract or contracts described as follows: That certain contract between [appellant] and Dallas Foundation Co., Inc., dated April 4, 1951 (which contract provides for a joint venture between said parties), together with all other contracts of any nature whatsoever between [appellant] and Dallas Foundation Co., Inc." The Bank was also authorized, by the terms of said assignment, "to commence, maintain, or discontinue any action, suit or other proceeding which it deems advisable to collect or enforce payment of the amount assigned". This assignment was never recorded by the Bank nor was notice thereof given to the city of Pine Bluff.

On November 7, 1952, appellant filed suit against the city of Pine Bluff, alleging performance of the sewer construction contract and praying recovery of some $800,000 for work and materials and for breach of contract. That suit was being actively prosecuted but remained undetermined at the time of the submission of this appeal.

On November 17, 1952, ten days after suit was filed against the city of Pine Bluff, appellant executed another assignment of the "joint venture" contract to the Mercantile National Bank of Dallas as security for its note of February 29, 1952, in the amount of $69,725.00, previously mentioned. This assignment was identical in form with the assignment of February 29, 1952, except that, instead of referring to the "joint venture" agreement, it referred to "That certain contract between [appellant] and the City of Pine Bluff, Arkansas, dated April 16, 1951, relating to sewer improvements and additions to the sewer system of said City of Pine Bluff." It also assigned to the Bank "All claims for damages and choses in action * * * which the [appellant] has or has asserted or may have

or may assert against said City of Pine Bluff * * *." As noted, this assignment was recorded by the Bank on November 19, 1952, and notice thereof given to the city of Pine Bluff. The involuntary petition in bankruptcy was filed by appellee Mueller Company on March 12, 1953, within the required four month period.

The question thus presented for our determination is whether appellant transferred any property by virtue of the November 17th assignment which was not included in the assignment of February 29, 1952. Appellees concede that the February 29th assignment was not a preferential transfer and if nothing more was transferred in the second assignment, then an act of bankruptcy was not committed.

 We think appellees' contention that the second assignment transferred additional security to the Bank because it specifically mentioned the Pine Bluff sewer construction contract places undue emphasis on the mere wording of the instruments and ignores the substance thereof. The first assignment transferred "That certain contract between [appellant] and Dallas Foundation Co., Inc., dated April 4, 1951 (which contract provides for a joint venture between said parties) * * *." The joint venture agreement between appellant and Dallas Foundation Co., Inc., specifically set out the Pine Bluff sewer contract and the terms upon which it was to be performed. All of appellant's beneficial interest in and property rights to the Pine Bluff contract was effectively transferred to the joint venture and in turn assigned to the Bank. Appellant retained nothing which could be the subject of a later transfer. The second assignment, which specifically mentioned the Pine Bluff sewer contract, was obviously intended merely to clarify and more accurately identify the subject of the first assignment. Nothing of value being transferred thereby, the debtor's estate was not diminished and hence no act of bankruptcy was committed. It is well settled in the bankruptcy law that the mere extension of security which has already been lawfully given to his creditor by a debtor does not create a voidable preference nor constitute an act of bankruptcy, cases compiled in note to Jackson v. Coons, 285 Ky. 154, 147 S.W.2d 45, 132 A.L.R. 1403, and the present case comes directly within that rule. Nor does the fact that the second assignment transferred all claims for damages which appellant might have against the city of Pine Bluff change this result. An assignee takes the subject of the assignment with all the rights and remedies thereto possessed by the assignor. 4 Am.Jur., Assignments, section 115. In addition, the Bank was authorized under the first assignment to institute and maintain any action it deemed advisable to collect sums arising under the assignment.

 It is urged that the second assignment, which was recorded, diminished appellant's estate available to general creditors by reason of the fact that such creditors could no longer garnishee funds of appellant held by the city of Pine Bluff. We think appellees misconceive the nature of this action. This suit attempted to establish the commission of an act of bankruptcy on the part of appellant, and was not to enforce or set aside an alleged preferential transfer. This distinction is noted in 1 Collier on Bankruptcy, 14th Ed., page 403, where it is said, "The elements which must attend a transaction in order to render it an act of bankruptcy must not be confused with the elements which will be sufficient to cause the transaction to be set aside, * * *." The recordation of the second assignment, thereby precluding garnishment of appellant's debtor, was an act of the assignee and not of the appellant. The assignee was at liberty to record the first assignment and had it done so appellees could not complain. There is no suggestion that the failure to record the first assignment was in any way attributable to appellant. It is clear, therefore, that the action of the assignee with respect to the recordation of the two assign-

ments does not establish the commission of an act of bankruptcy on the part of appellant.

For the reasons heretofore stated the judgment is reversed and the cause remanded with directions to dismiss.